## WALKER v. BEVERIDGE et al.

No. 14475—Opinion Filed Nov. 12, 1924.

Rehearing Denied Dec. 9, 1924.

(Syllabus.)

1. **Principal and Agent—Authority of Agent to Collect Debt and Release Mortgage—Jury Question.**

W. sued the makers for judgment on a note and to foreclose a real estate mortgage against B., and others, who were subsequent purchasers. The defendants pleaded payment of the debt, not to W. directly, but to A. S., alleged to have been the agent of W. authorized to receive payment, and that the release of the mortgage was made of record by the agent. The question whether the agent was authorized to do the particular act here done was a question of fact to be determined by the jury from the facts in evidence, including the circumstances and course of dealing of the parties. The fact of authority of the alleged agent being determined by the verdict of the jury, and there being evidence reasonably tending to support the same, the judgment in favor of defendants was correct.

2. **Same—Release of Mortgage by Agent.**

The fact of agency to receive the payment of the amount due on the mortgage being determined, the right of the agent to release the mortgage is fixed by section 7641, Comp. Stat. 1921.

Error from District Court, Oklahoma County; Thomas A. Adwards. Assigned Judge.

Action by Gilbert S. Walker against C. G. Beveridge and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Oliver C. Black, for plaintiff in error.

Hayson & Lukenbill, Ledbetter, Stewart, Bell & Ledbetter, and H. J. Mackey, for defendants in error.

BRANSON, J. This is primarily an action at law, though it invokes equity jurisdiction for the enforcement of a feature of the relief sought.

Since the plaintiff in error was plaintiff in the trial court, and the defendants there are defendants in error here, they respectively will be referred to as their positions were in that court. The plaintiff is Gilbert S. Walker, a resident of Pittsburgh, Pa. The defendants are C. G. Beveridge, Ida Beveridge, Minnie E. Bond, W. B. and Lillie D. Walker (not connected with plaintiff), and H. T. Bradburn, trustee in bankruptcy of Aurelius-Swanson Company, incorporated.

The plaintiff's cause of action was for judgment on a note and to foreclose a real estate mortgage given to secure the same. The note was in the sum of $1,500 and bore date June 15, 1916, maturing June 15, 1921. It was made payable to the order of Aurelius-Swanson Co., Inc. On June 24, 1916, said company sold said note and assigned said mortgage to the plaintiff for value. The mortgage assignment was shortly thereafter placed of record. The property mortgaged was lot 5, block 5, Military Park addition to Oklahoma City. The suit was filed February 6, 1922. Judgment was prayed against the defendants Beveridge for the amount of the note. interest from maturity, attorney fees and costs; and that the mortgage be foreclosed as against each of the defendants. Between the date of the note and the date of filing suit, the property covered by the mortgage had been sold several times. Soon after the mortgage had been executed, the defendants Beveridge sold it to one E. C. Clare, who in turn executed a note and mortgage on it to Aurelius-Swanson Co., Inc., in the sum of $2,000 the proceeds of which, to the amount due, was turned to Aurelius-Swanson Co., Inc., to pay off and satisfy the note revealed by the suit to have been owned at the time by the plaintiff. When this note and mortgage were made, Aurelius-Swanson Co., Inc., released of record, in the name of plaintiff, the Beveridge mortgage. In turn the property was conveyed by E. C. Clare to the defendants W. B. and Lillie D. Walker. who by warranty deed sold the same to the defendant Minnie E. Bond, in whom the title was vested at date suit was

brought. Each purchaser subsequent to the defendants Beveridge took his title relying in good faith upon what the record disclosed as to the indebtedness represented by the note and mortgage sued on herein, i. e., its good faith payment and release as disclosed thereby.

Aurelius-Swanson Co., Inc., received from the proceeds of the said Clare note and mortgage the amount due on the prior Beveridge note and mortgage, and executed a release thereof.

Stripped of unnecessary verbage, the separate answers of the defendants pleaded one principal issue—if issue it is made by all the pleadings—and that is that Aurelius-Swanson Co., Inc., was the agent of the plaintiff to receive both the interest and the principal of said Beveridge indebtedness, and that as such agent it was paid to Aurelius-Swanson Co., Inc.

To the answers of the several defendants which set up that Aurelius-Swanson Co., Inc., was the agent of plaintiff, plaintiff filed an unverified general denial. Defendants assert that no issue was presented on this controlling question, by reason of section 287, Comp. Stat. 1921, which is:

"In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney." Ince Nursery Co. v. Sams, 73 Okla. 138, 177 Pac. 370; Oklahoma City v. Saunders, 46 Okla. 1, 147 Pac. 1191; Ft. Smith & Western R. Co. v. Solsberger et al., 38 Okla. 40, 131 Pac. 1078; Tate v. Stone, 35 Okla. 369, 130 Pac. 296.

The plaintiff combats this position of the defendants by a contention that it was waived, for that the want of verification of the reply was not timely called to attention of the court. The record shows continuous objections to the evidence of plaintiff for want of any issue formed by the pleadings, which were overruled. When plaintiff rested his case, defendants filed demurrer to the evidence, for that on the issues raised by the pleadings no judgment could be entered for him. This was overruled. A motion for a directed verdict for defendants for the same reason was overruled, exceptions to each being saved by the defendants.

Neither side cites any case directly in point as to whether the method adopted was sufficient to raise the question that there was no issue to try; and we shall not now pass on that. In fact, we deem it unnecessary to do so. The trial court required the case to be presented on the theory that the question of agency was an issue. The jury was instructed on it and the verdict was for the defendants. The motion for a new trial being overruled, and judgment being entered against plaintiff, he appeals.

Omitting the formal assignments, those in which there may be considered substance can be summarized: (1) That the evidence of agency was documentary—letters, telegrams, etc.—and therefore a matter for the court and not a jury; (2) that the court erred in giving two instructions as not applicable to the case.

Arguing in support of said first summarized assignment, plaintiff in his brief says:

"The testimony introduced on the part of all of the defendants consisted of a sundry lot of letters and telegrams that passed between the plaintiff and Aurelius-Swanson Company, Inc., covering a period of some two or three years prior to the time that plaintiff purchased the note and mortgage which was the basis of this litigation, and extended for some little time thereafter. There was no oral communication between the plaintiff and Aurelius-Swanson Co., Inc., or any of its officers, at any time. * * * Each period of six months, as the semi-annual interest on the note matured, as shown by the evidence quoted, Aurelius-Swanson Co., Inc., remitted the same to him, and by reason thereof there was no one circumstance that could possibly place him on notice that the forged release of his mortgage had been placed of record. On the contrary there was every circumstance to uphold the legality and the validity of the note and mortgage purchased by him. * * *"

This is about all plaintiff says on this assignment of error. Had the trial judge withdrawn the case from the jury, his function would have been to weigh all the evidence and draw the inference as to whether Aurelius-Swanson Co., Inc., was the agent to receive the money, and the court having approved the verdict of the jury, there is nothing to indicate the finding of the court would have been different. We think the question of agency as here involved was one to be found by the jury from all the facts and circumstances in evidence, including the course of dealing between the parties.

The two instructions complained of are as follows:

"You are instructed that a person may act for himself directly, or he may act through another, and, if a person acts through an-

other he, himself, is called the principal, and such other is called his agent. And an agency may be created by authority expressly given or it may be implied from the conduct and course of dealing of the parties, for which the principal is responsible, and by the circumstances of the particular case. And, in this connection you are instructed that if you find and believe from a preponderance of the evidence that the Aurelius-Swanson Company, Inc., was impliedly authorized by the course of dealing between the plaintiff and said Aurelius-Swanson Company, to collect the particular indebtedness sued on in this case, and that pursuant to such implied power, if such you find the Aurelius-Swanson Company did collect the said indebtedness, then the plaintiff cannot recover, although you may further find that the said Aurelius-Swanson Company failed to remit said collection to the plaintiff or to advise him of the fact of such collection and fraudulently appropriated the said collection to its own use."

Also:

"You are instructed to return a verdict for the plaintiff for the full amount sued for, with interest, unless you should further find from a preponderance of the evidence in this case that by a course of dealing between the plaintiff and the Aurelius-Swanson Company and by the circumstances in evidence in this case, that the Aurelius-Swanson Company was authorized to collect the particular indebtedness sued upon by the plaintiff and did so collect it; and, in case you find that from such course of dealing and the facts and circumstances that the Aurelius-Swanson Company was authorized to collect the particular indebtedness sued upon and did so collect it, then your verdict should be for the defendants."

The contention is, these instructions have no application to the facts in this case. Plaintiff cites Middlekauff v. Bell et al. (Kan.) 207 Pac. 184, wherein the Supreme Court of Kansas said:

"In Lewis v. Kirk, the question was who should suffer from the fraud of the mortgagee in releasing the mortgage after he had sold the note which it secured—the innocent assignee of the note and mortgage, or the innocent purchaser of the land? The decision was, the purchaser might rely on the record showing the release; but the decision was equally emphatic that the record of the mortgage protected the assignee until the mortgage was paid, or was released by some one having authority to do so. * * * "

He also cites State Nat. Bank of St. Louis v. Hyatt et al. (Ark.) 86 S. W. 1002:

"It seems now to be settled by the decided weight of authority in this country that the loss in such a case does not fall on the holder of the note unless the party to whom the money was paid had authority from the holder to receive the payment, or, what would be in effect the same thing, unless the circumstances under which the payment was made, were such as to estop the holder from denying that the party receiving the money was it's agent for that purpose. The fact that a note is made payable at a particular bank does not of itself make the bank the agent of the payee or holder to receive payment, and payment to a bank of the amount due on the note made payable there when the bank does not have possession of the note or authority to collect it does not discharge the maker, for under such circumstances the bank will be treated as the agent of the maker, and not of the holder."

Other cases are cited, but each in effect say, as the Kansas court in the case of Middlekauff v. Bell, supra:

"The record of the mortgage protected the assignee until the mortgage was paid, or was released by some one having authority to do so."

It seems to us these authorities bring us squarely back to the issue,—Was Aurelius-Swanson Co., Inc., authorized to collect the debt? The letters and telegrams referred to in plaintiff's brief as being the evidence of the defendants not only referred to loans made through Aurelius-Swanson Co., Inc., but to the collection of loans by Aurelius-Swanson Co., Inc., and reinvestment of the money for plaintiff, without remitting to him at Pittsburgh. All interest payments were received by checks of Aurelius-Swanson Co., Inc.; at least one communication from plaintiff set out a certain amount supposed to be to his credit with Aurelius-Swanson Co., Inc., resulting from collection of a note owned by plaintiff.

The verdict seems to have been not only reasonably supported by the evidence, but the only fair inference that could have been drawn from their course of dealing.

The effect of the verdict was to find as a fact that Aurelius-Swanson Co., Inc, was authorized to collect this note. This being true, it was authorized to release the mortgage.

Section 7641, Comp. Stat., provides:

"Any agent or attorney duly authorized to collect the debt secured thereby shall have power and authority to release a mortgage and a request made of such agent or attorney who shall have collected the debt shall bind the holder of the mortgage the same as if made to him in person and bind him to pay a like penalty."

The judgment of the trial court is affirmed.

McNEILL, C. J., and NICHOLSON, JOHNSON, MASON, and GORDON, JJ., concur.