## STAPLETON MOTOR SALES CO. et al. v. COLEY.

No. 13153—Opinion Filed Dec. 9, 1924.

Rehearing Denied Jan. 2, 1925.

(Syllabus.)

1. **Appeal and Error—Failure to Preserve Error—Review.**

This court will not review alleged errors of the trial court which may be argued in the brief of plaintiff in error where the same were not called to the attention of the trial court in a motion for new trial and are not assigned as errors in the petition in error.

2. **Principal and Agent—Proof of Agency.**

Agency cannot be proved against another by evidence of the declarations of an agent, and where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury.

3. **Partnership—Denial of Existence Under Oath.**

Under section 287, Comp. Stat. 1921, allegations in the petition of the existence of a partnership shall be taken as true unless the same be denied under oath.

4. **Same—Insufficiency of Answer.**

Where plaintiff alleges that defendants are members of a general partnership, and bases his cause of action on the acts of the first partner, allegations in the separate answer of the second that he was not associated with the other defendant "as a partner or otherwise" in the particular transaction, does not constitute such a denial of the partnership as is required by section 287, Comp. Stat. 1921.

5. **Disposition of Cause.**

Record examined, and held, the evidence reasonably tends to support the judgment of the trial court as to the first cause of action; held, further, that there is no competent evidence tending to support the judgment of the trial court as to the second cause of action.

Error from District Court, Greer County; Thos. A. Edwards, Assigned Judge.

Action by J. M. Coley against Henderson and Crowley, and the Stapleton Motor Sales Company. Judgment for plaintiff, and defendants appeal. Affirmed in part, and reversed in part.

Walter E. Latimer, for plaintiff in error R. B. Henderson.

Percy Powers, for plaintiff in error W. A. Crowley.

Harris, Spielman, Thomas & Harris, for plaintiff in error Stapleton Motor Sales Co.

A. M. Stewart and Wm. M. Williams, for defendant in error J. M. Coley.

MASON, J. This was an action brought in the district court of Greer county by the defendant in error, J. M. Coley, against the plaintiffs in error, to recover damages alleged to have been sustained on account of an alleged breach of a contract.

Plaintiff alleged that the defendants R. B. Henderson and W. A. Crowley were members of a general partnership engaged in the business of selling Reo automobiles in Greer county, Okla.; that the Stapleton Motor Sales Company was the distributor of said cars for the state of Oklahoma, with its principal place of business in Oklahoma City; that one H. Wharton was an agent of said company with authority to establish agencies for the said cars in Greer and Harmon counties; that on the 23d day of March, 1917, said Wharton, as the agent of said Motor Sales Company and Mr. Henderson of the partnership of Henderson and Crowley, came to the plaintiff, in Hollis, Okla., and offered him a subagency for said cars in that county; that a contract was entered into between the plaintiff and said parties whereby he was to have a subagency for the said cars in Harmon county, and that Henderson and Crowley were to have one-half of his commission on all cars sold by him.

Plaintiff further alleged that, as a part of the same transaction, he purchased of said defendants one new Reo automobile at the price of $1,335, the defendants agreeing to accept his old Velie automobile as part payment in the sum of $835. The Reo automobile was to be delivered by April 1, 1917, and the plaintiff was to pay the balance of $500 at that time.

Plaintiff further alleged that the Velie car was delivered to said defendants at the time said contract was entered into, but that the defendants failed to deliver said new Reo automobile and never returned or paid plaintiff for his Velie automobile. He further alleged that at the time said contract was entered into the defendants knew what business he was engaged in and the use to which he would place said Reo car, and to what use he had been placing his old Velie car, and that the defendants knew he would suffer damages unless the new car was delivered according to contract.

For his first cause of action, he asked judgment in the sum of $845, by reason of the loss of the Velie car, and for a second cause of action, he asked judgment for $300, for the loss of the use of an automobile for a period of 60 days, alleging that the reasonable value of the use of said car was $5 per day.

The Stapleton Motor Sales Company filed a general denial and admitted that said Wharton was in the employ of said company, but specifically denied that he had authority to enter into a contract as alleged in plaintiff's petition. The defendant Henderson filed a general denial and admitted that the plaintiff parted with one Velie car and traded the same in on a new Reo car at a value of $835. He further alleged that on or about the 20th day of March, 1917, he was in Oklahoma City and entered into a contract with the Stapleton Motor Sales Company, by which he was to have the agency for Reo cars in Harmon county; that said Motor Car Company sent the said Wharton to Harmon county to cancel the existing agency in that county, and on the 22d day of March Wharton and Henderson went to Hollis in Harmon county, where they entered into the trade as alleged in plaintiff's petition, but that the Stapleton Motor Sales Company would not permit Henderson to deliver said Reo car to the plaintiff.

The defendant Crowley, in addition to filing a general denial, expressly denied "that he was associated with the said defendant R. B. Henderson as a partner or otherwise in the proposed sale of a car as charged in the plaintiff's petition."

Upon the issues thus joined, the cause was tried to a jury and a verdict rendered in favor of the plaintiff for the full amount prayed for in each of said causes of action, for which amount the court rendered judgment. Motions for a new trial were filed in due time by the Stapleton Motor Sales Company and by Crowley, which were overruled, exceptions saved, and the cause brought here for review.

For reversal, it is first contended by the Stapleton Motor Sales Company that the trial court erred in overruling its motion to quash the summons served on said company, on the grounds that the same was not issued, served, and returned as provided by law, but we deem it unnecessary to pass on this question, for the reason that we have concluded that the next assignment of error must be sustained.

It is next urged, on behalf of the Stapleton Motor Sales Company, that there was not sufficient evidence to establish Wharton as the agent of said company in said transaction, and that the evidence of his acts was not binding on said company, and that the demurrer of said company to plaintiff's evidence should have been sustained.

Plaintiff contended that the Stapleton Motor Sales Company was liable to plaintiff by reason of the acts of Wharton, who was alleged to be the "authorized agent for said company, with full power and authority to procure dealers and sell cars." This allegation was denied under oath by the company in its answer. The testimony of

the general manager of the company and also that of Wharton, which was uncontradicted, was to the contrary. The defendant Henderson, as a witness, testified that the company offered the agency for Harmon county to Henderson and Crowley, who had the agency for Greer county, if they would purchase a carload of new Reo automobiles, and agreed to send Wharton "to start them off and help them sell cars"; that they purchased said cars and Wharton was sent down by the company as agreed, and that he and Wharton went to Hollis, Harmon county, and made said trade with the plaintiff. He further testified that Wharton practically made the deal with the plaintiff, but that he (Henderson) accepted it and signed the name of Henderson and Crowley to the contract.

The plaintiff testified that sometime prior to that, while he was in Oklahoma City, Wharton attempted to sell him a Reo chassis, and that later he purchased the same from the Stapleton Motor Sales Company. He also testified that, at the time of the transaction referred to in plaintiff's petition, Wharton stated he was representing said company. Mr. Gardner, who had the agency for Reo cars in Harmon county, and whom it is contended the company was endeavoring to remove, testified for the plaintiff that he had a conversation with Wharton the day of said transaction referred to in plaintiff's petition, and that Wharton had informed him that he was there as the representative of the Stapleton Motor Sales Company.

This evidence was improperly admitted over the objection of the Stapleton Motor Sales Company. The rule is well established that agency cannot be proved against another by evidence of the declarations of an agent, and where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury. Oklahoma Automobile Co. v. Benner, 70 Okla. 261, 174 Pac. 567; Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 Pac. 333. There being no other competent evidence sufficient to support the judgment against the defendant Stapleton Motor Sales Company, we must conclude that the trial court erred in not sustaining said company's demurrer to the plaintiff's evidence.

The plaintiff in error Crowley, who has filed a separate petition in error and brief from the other defendants, contends that the trial court erred in giving instruction No. 6½, which instructed the jury in substance that, if they found the defendant Henderson liable, Crowley would be liable to the same extent. This question, however, was not called to the trial court's attention in the motion for a new trial, nor was it assigned as error in the petition in error, and, therefore, is not entitled to be considered by this court; however, we might suggest that the plaintiff's verified petition alleged that Henderson and Crowley were a general partnership, and the allegations of Crowley's answer, as above set forth herein, do not constitute such a denial of such partnership as is required by section 287, Comp. Stat. 1921. It appears to us that said allegations in the defendant's answer are more in the nature of an admission of the general partnership as alleged by the plaintiff than a denial thereof, supplemented with an attempt on behalf of Crowley to disclaim any interest in this particular transaction with the plaintiff, because he had not participated therein and had no knowledge thereof. Henderson, however, had made a contract for the sale of a car of which the general partnership of Henderson and Crowley, only, had the agency, and the partnership name was signed to the contract by Henderson. In addition to this, Crowley admitted on the witness stand that he and Henderson had been partners until a very short time prior to said transaction, when he contended the partnership had been dissolved. He admitted, however, that no notice of said dissolution had been published; that he and Henderson still maintained the same business location; that the firm name "Henderson and Crowley" still appeared on the sign across the front of the building; that he and Henderson were brothers-in-law, and that Henderson was indebted to him in a considerable amount; that he was continuing with Henderson until such time, only, as he could get his money. It also appears that the contract of the partnership of Henderson and Crowley with the Stapleton Motor Sales Company for the agency of Reo cars did not expire until several months after that time, and that said contract had not been canceled and that cars had been ordered under said contract in the partnership name and with the knowledge of Crowley at a time subsequent to the transaction alleged in plaintiff's petition.

We do not think there was any competent evidence of the dissolution of the partnership that would warrant the court in submitting the question to the jury, especially inasmuch as the question was not presented by the pleadings, and no instruction to that effect was requested by Crowley. We think the court properly instructed the jury that if Henderson were liable, Crowley was liable to the same extent.

It is also contended by the plaintiff in error Crowley that the trial court erred in not sustaining his demurrers to the plaintiff's evidence in support of the separate causes of action. Counsel in their brief do not seriously contend that this is true as to the first cause of action, and inasmuch as there is ample evidence which reasonably tends to support the verdict of the jury as to the first cause of action, we deem it unnecessary to consider this assignment further.

In considering the assignment of error, based upon the overruling of the demurrer to the evidence in support of the second cause of action, we have searched the entire record for evidence to support that portion of the judgment. The record discloses that the plaintiff testified that he was engaged in the hardware, furniture, and undertaking business, at Hollis, Harmon county, Okla., and at Dodsonville, Tex.; that said places were about 15 miles apart; that he used a car in driving between said places, and that he used a car in connection with said business; that he informed the defendants of his necessity for said car in his business at the time of entering into the transaction sued on herein. The only other evidence in the record offered in support of the second cause of action is as follows:

"Q. Now, Mr. Coley, you may state if you know the value of the use of the car that you was deprived of during this time? Per day?

"A. Well, I would say $5 a day.

"Q. How many days were you deprived of the use of this car, by the representations that they would deliver it by the first of April, and by their failure to do so before you got another car?

"A. Well, if it were the first day of June, it would have been something like 60 days, and if it was * * *

"Q. Well, put it when it was.

"A. Well, I would say about 60 days."

There was no evidence that the plaintiff had hired another car for making trips between his stores, or for any other purpose during this time.

From an examination of the record, we must conclude that there was no evidence of any damages being actually suffered by the plaintiff, by reason of being deprived of the use of his car. The trial court, therefore, erred in overruling the demurrer of Crowley to the plaintiff's evidence in support of the second cause of action.

For the reasons above stated, the judgment of the trial court as to the first cause of action is affirmed as to the defendants

Henderson and Crowley, and is reversed as to the Stapleton Motor Sales Company; and the judgment of the trial court as to the second cause of action is reversed as to all defendants.

McNEILL, C. J., NICHOLSON, V. C. J., and BRANSON, LYDICK, WARREN, and GORDON, JJ., concur.

Note.—See under (1) 3 C. J. §§ 866, 1462; (2) 2 C. J. § 692; (3, 4,) 30 Cyc p. 584; (5) 30 Cyc p. 591.