### FRANK v. CANNAVAN et al.

No. 17570. Opinion Filed Oct. 18, 1927.

(Syllabus.)

1. **Mortgages—Payment Before Maturity to Mortgagee not in Possession of Note not Binding on Assignee.**

The payment of a negotiable promissory note before maturity by the mortgagor or his grantee, when made to the mortgagee not in possession of the note and mortgage, is not binding upon an assignee thereof who has possession of the note and mortgage at the time of payment, unless he has expressly or impliedly authorized such payment.

2. **Bills and Notes—Payment Before Maturity to Other than Holder at Risk of Payer.**

Payment of a negotiable note before maturity to any one other than the holder thereof, or his duly authorized agent to receive such payment, is at the risk of the payer.

3. **Mortgages—Recorded Assignment as Notice of Assignee's Rights.**

The assignment of a mortgage in due form, recorded in the office of the county clerk of the proper county, is constructive notice to the mortgagor and his grantees that the assignee named in the recorded assignment is the holder and owner of the mortgage.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Albert J. Frank against P. S. Cannavan et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

E. C. Stanard, M. L. Hankins, and C. F. Green, for plaintiff in error.

Robert Wimbish and W. C. Duncan, for defendants in error.

HEFNER, J. Albert J. Frank, plaintiff, sued P. S. Cannavan and his wife, Willie M. Cannavan, defendants, on a promissory note in the sum of $809.81, and to foreclose a real estate mortgage given as security for the note. The defendants admitted the execution of the note and mortgage and the delivery thereof to the Conservative Loan & Trust Company and alleged that the plaintiff was not a bona fide holder of the note and that the Conservative Loan & Trust Company, hereinafter called trust company, was acting as the agent of the plaintiff and that they had paid the full amount of the note to the trust company. The plaintiff specifically denied that the trust company was his agent for any purpose. He also alleged that the note was bought before maturity without notice of any infirmities and that a valuable consideration was paid therefor.

On the trial of the case before a jury and after the plaintiff had introduced his evidence and the defendants had introduced two witnesses, the court on its own motion instructed the jury to return a verdict for the defendants. From the judgment the plaintiff has appealed to this court.

The defendants executed the note sued on in favor of the trust company. The trust company immediately sold the note and the mortgage to John M. Stager, and soon thereafter John M. Stager for a valuable consideration sold the note and mortgage to the plaintiff. This sale was made long before the note or any interest became due thereon.

At the time the loan was made by the trust company the defendants executed an agency contract making the trust company their agent for the purpose of forwarding the interest and principal to the purchaser of the note. A few installments of interest were paid by the defendants to the trust company. The trust company forwarded the same to Stager, who in turn paid the same to the plaintiff. The plaintiff, however, at no time delivered any coupons to Stager for collection and only delivered the coupons to Stager when the cash was paid, and Stager in turn returned the coupons to the trust company.

The plaintiff recorded the assignment of the mortgage in his favor in the office of the county clerk at Ada, Okla., the county where the land was situated.

The note ran for several years, and sometime before it was due the Home Building & Loan Association, without a release of the first mortgage, executed a new mortgage

on the property covered by the first mortgage and the defendants delivered a sufficient amount of money to the trust company to pay the note that belonged to the plaintiff. The trust company failed and the note of the plaintiff was not paid.

Defendants contend that the trust company and Stager were both the agents of the plaintiff under a written guarantee executed by the trust company which was sent to Stager making the trust company the agent of Stager to collect and forward the principal and interest to him. There is no evidence of this guaranty contract other than a blank form attached to the deposition of an official of the trust company in which he stated that this kind of a guaranty was usually forwarded with each loan. We doubt if the deposition was admissible in evidence, considering the circumstances under which it was admitted; but admitting that it was, and admitting that the guaranty contract went to Stager, the evidence discloses that the plaintiff was a bona fide purchaser of the note from Stager and there is no evidence that Stager was the agent of the plaintiff. He did not deliver the coupons to Stager for collection, and when Stager received the money from the trust company he paid it to the plaintiff, at which time the coupons were canceled and turned over to Stager. The note was never paid and was at all times in the possession of plaintiff.

The assignment of the mortgage was properly recorded in Pontotoc county, and the money was paid to the trust company long before the note was due.

In the case of Bale v. Wright, 120 Okla. 174, 252 Pac. 56, the syllabus is as follows:

"1. The payment of a negotiable promissory note before maturity by the mortgagor or his grantee, when made to the mortgagee not in possession of the note and mortgage, is not binding upon an assignee thereof who has possession of the note and mortgage at the time of payment, unless he has expressly or impliedly authorized such payment.

"2. Payment of a negotiable note before maturity to any one other than the holder thereof, or his duly authorized agent to receive such payment, is at the risk of the payer.

"3. Proof that one purported to act as the agent of another is not sufficient evidence upon which to submit the question of agency to the jury.

"4. The assignment of a mortgage in due form, recorded in the office of the county clerk of the proper county, is constructive notice to the mortgagor and his grantees that

the assignee named in the recorded assignment is the holder and owner of the mortgage."

In our judgment the facts in the case at bar bring it clearly within the rule laid down in the Bale-Wright Case, supra, and we are therefore bound by it; and under the rule laid down in that case it becomes necessary for us to reverse the judgment of the trial court.

The trial court on its own motion, before the defendants had rested, directed a verdict for the defendants. Inasmuch as the defendants had not completed their evidence when the trial court directed the verdict in their behalf, the case is reversed and remanded, with directions to grant a new trial.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 41 C. J. p. 700, §720. (2) 8 C. J. p. 593, §828. (3) 41 C. J. p. 670, §678; p. 699, §720; 19 R. C. L. p. 366. See under (1, 2) 3 R. C. L. p. 1289; 1 R. C. L. Supp. p. 1023; 4 R. C. L. Supp. p. 242.