**RAMSAY, Adm'r, v. THOMPSON et al.**

No. 17673.   Opinion Filed Nov. 1, 1927.

(Syllabus.)

**1. Principal and Agent—Agency not Provable by Evidence of Declarations and Acts of Reputed Agent.**

Evidence of statements, declarations, and acts of the reputed agent, standing alone, are not admissible in evidence to establish the relation of principal and agent.

**2. Same—Lack of Competent Evidence on Issue of Agency.**

Evidence examined, and held that there is no competent evidence upon which to submit to the jury the question of principal and agent as between plaintiff and the Conservative Loan & Trust Company.

**3. Bills and Notes—Innocent Purchasers— Burden on Maker to Prove Bad Faith.**

In an action upon a negotiable promissory note by a holder in due course, where the undisputed evidence shows that plaintiff acquired the note before maturity for value and without notice of any infirmities in the title of the original payee, the defense of failure of consideration is not available to the maker, but the burden rests upon him to show bad faith on the part of the holder in acquiring the note by evidence of facts

and circumstances which goes further than to raise a mere suspicion.

Commissioners' Opinion, Division No. 2.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action by Luther R. Ramsay, administrator, against Earl Thompson and Julia Thompson for recovery on a note and for foreclosure of real estate mortgage. Judgment for defendants, and plaintiff appeals. Reversed, with directions.

J. E. Whitehead, for plaintiff in error.

Glass & Calvert and C. F. Gowdy, for defendants in error.

JEFFREY, C. This was originally an action by Frank D. Ramsay, as plaintiff, against Earl Thompson and Julia Thompson, his wife, and two other defendants. All defendants except Earl Thompson and Julia Thompson disclaimed any interest in said controversy and the suit was later revived in the name of Luther R. Ramsay, as administrator, with will annexed of the estate of Frank D. Ramsay, the last named having departed this life. The suit was brought for judgment on a promissory note, and for foreclosure of a real estate mortgage given to secure said note. On October 28, 1922, Earl Thompson and Julia Thompson, who will be designated as defendants, desiring to secure a loan, made application to the Conservative Loan & Trust Company of Shawnee, Okla., through its agent, the Roberts Realty Company of Nowata, Okla., for a loan of $1,100. At the time of making said application defendants executed a contract to the Conservative Loan & Trust Company appointing said company their agent to secure said loan in the sum of $1,100, for seven years at the rate of 6½ per cent. interest payable annually, and agreed thereby to pay said loan company the sum of $154, as compensation to secure said loan, inspect the security, prepare all papers incident to the loan, advise about defects in title, cure defects in title, to notify defendants or the future owner of said land when interest and principal of said loan became due, to collect the interest and principal from anyone to whom the land may be sold, to look after the taxes and to perform numerous other services in connection with said transaction. The agency or loan contract also contained the following:

"The agency herein created, and all authority conferred hereby, shall be and remain irrevocable until said loan is fully paid; and in the procuring of such loan, in

collecting, receiving and forwarding interest and principal to the holder thereof, you are acting as my agent solely."

At the same time defendants made and executed a promissory note in favor of the Conservative Loan & Trust Company for the sum of $1,100, bearing interest at 6½ per cent. payable annually, and provided that if default be made in the payment of any installment of either principal or interest, when the same becomes due and payable, then all of said principal and interest shall, at the option of the holder of the note, become at once due and payable without notice. The note also referred to a real estate mortgage which was given at the same time by defendants to secure the payment of said note. All of said loan papers were taken by the Roberts Realty Company at Nowata and forwarded to the Conservative Loan & Trust Company, together with abstract of title. From that date until the latter part of February, 1923, correspondence was had between the Roberts Realty Company and the Conservative Loan & Trust Company with reference to certain defects in title, which the loan company sought to have its agent correct. The note and mortgage were sold to McCalmont & Ramsay. attorneys at law. at Morrison, Ill., who in turn sold and assigned said note and mortgage to Frank D. Ramsay, a client. who was the owner thereof at the time of his death. The assignment of the mortgage bears the date of December 2, 1922, but the members of the firm of McCalmont & Ramsay testified that the first time these instruments were delivered to them was on January 8, 1923, at which time they paid the value thereof and became holders in good faith. The evidence showed that the Conservative Loan & Trust Company received the value of the note, but never paid the same out to the defendants, and later failed, and receivers were appointed to operate the business of the company.

Defendants, not having received the loan, defaulted when the first interest payment became due, and this suit was filed for judgment on the note and foreclosure of the mortgage. The case was tried to a jury and a verdict was returned in favor of the defendants. Thereupon judgment was duly rendered, and plaintiff appealed to this court.

Numerous errors are assigned as grounds for reversing the judgment of the trial court, but the principal and only assignments which need be considered in a correct determination of this case are: That the court erred in admitting in evidence, over the objection of plaintiff, incompetent, irrelevant and immaterial evidence; that the court erred in overruling plaintiff's demurrer to defendant's evidence; that the court erred in refusing to instruct the jury to return a verdict in favor of plaintiff and in overruling plaintiff's motion for judgment, notwithstanding the verdict of the jury. The assignments, being closely related and going to the same general propositions. may be treated together. These assignments of error, taken in connection with the record in the case, raise the following questions: Was there any competent evidence tending to show that the Conservative Loan & Trust Company acted as agent of plaintiff in negotiating the loan, and was plaintiff the owner and holder of the note sued on in due course as an innocent purchaser thereof?

Defendants admitted the execution of the note, mortgage, and the agency contract, and their delivery to the Conservative Loan & Trust Company, but contended that the Conservative Loan & Trust Company became the agent of plaintiff in said loan transaction, and knowledge that defendants did not receive any consideration for the execution of the note and mortgage on the part of the loan company constituted notice to plaintiff of that fact.

The only evidence offered by defendants, which might be considered as bearing upon the question of principal and agent, was a number of letters written by the loan company to the Roberts Realty Company in an effort to have certain defects in defendants' title corrected, and the testimony of the county clerk of Rogers county that the assignment of mortgage to plaintiff was received from the Conservative Loan Company to be recorded November 24, 1923. The letters passed between these parties from time to time from the date of the note and mortgage until the latter part of February, 1923, after the note and mortgage had been sold by the loan company. It has been repeatedly held by this court that evidence of statements, declarations, and acts of the reputed agents, standing alone, are not admissible in evidence to establish the relation of principal and agent. McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; Stapleton Motor Sales v. Coley, 107 Okla. 269, 232 Pac. 28; Oklahoma Automobile Co. v. Banner, 70 Okla. 261, 174 Pac. 567; Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla. 275, 114 Pac. 333; Bale v. Wright et al., 120 Okla. 174, 252 Pac. 56. And the fact that the assignment of mortgage might have been mailed to the county clerk for recording by the Conservative Loan Company, al-

most a year after its execution, and the closing of the transaction with plaintiff, would be no evidence of agency at the time of the transaction.

The only other circumstances to which counsel for defendants point as tending to prove this fact are that plaintiff's evidence shows that McCalmont & Ramsay applied to the Conservative Loan & Trust Company for the loan, and that the evidence further shows that they had purchased other loans from the Conservative Loan & Trust Company for themselves and for clients of their office. Plaintiff's evidence also shows that the loan application executed by defendants was delivered to McCalmont & Ramsay December 9, 1922, and it is therefore argued from this circumstance that the act in trying to correct defects of title by the loan company was for the benefit of plaintiff and probably at his request, and therefore some evidence of agency. We fail to see any merit in these contentions. The Conservative Loan & Trust Company was engaged in securing loans for its customers, or in selling real estate loans made by it. The fact that McCalmont & Ramsay wrote the loan company that they would take a loan for this amount or any other amount and that they had bought loans from this company on other occasions would not even be a circumstance tending to show that the trust company was the agent of plaintiff. To hold otherwise would lay almost every purchaser of commodities liable for the acts and representations of his seller on the theory that such dealing alone created the relation of principal and agent. Agency is usually created by contract, either express or implied. Agency may be created by ratification, but acts or conduct to constitute ratification must be real and not imaginary. We find no evidence of any kind tending to prove that the Conservative Loan & Trust Company was, at any stage of the transaction, agent of plaintiff. Even if plaintiff or his attorneys did require certain defects of title to be corrected, which the evidence does not show, that alone would not have made the loan company plaintiff's agent. It is apparent that there was no evidence upon which the question of agency as between plaintiff and the loan company should have been submitted to the jury.

Plaintiff contends that he purchased the note and mortgage sued upon and paid the value therefor prior to maturity and is the owner and holder thereof as an innocent purchaser. A case almost squarely in point is that of Loomis v. Cole et al., 119 Okla. 203, 249 Pac. 327. The facts in that case are almost identical in principle with the facts in the case at bar. It was contended there that plaintiff could not rely on the doctrine of innocent purchaser for value before maturity for the reason that plaintiff's evidence showed that he purchased the note February 2, 1922, while the assignment of mortgage bears date of January 23, 1922; that the indorsement on the note was in blank and without recourse; that plaintiff only paid the face value of the note without interest; that two-thirds of the principal of the note was paid by check of a fuel company in which plaintiff was interested; that while the assignment of the mortgage is dated January 23, 1922, it was not recorded until July 25, 1922. In answer to these contentions this court said:

"None of these circumstances, nor all of them are considered by this court to raise any issue of fact upon the question of plaintiff's status as an innocent purchaser, in view of the uncontradicted evidence of plaintiff and Bushman which appears in the record."

The court re-announced, the well-established doctrine, that bad faith, not merely notice of circumstances sufficient to put a prudent man on inquiry, is necessary to defeat a recovery by the holder of a negotiable instrument whose right and title accrued prior to maturity. McPherrin v. Tittle et al., 36 Okla. 510, 129 Pac. 721; Stevens v. Pierce, 79 Okla. 290, 193 Pac. 417; Conqueror Trust Co v. Bayless Drug Co., 75 Okla. 288, 183 Pac. 419.

Plaintiff's evidence showed that he purchased the note in due course for value prior to maturity and without notice of defects, and that defendants defaulted in the payment of interest. Defendants did not attempt to disprove any of these facts except that plaintiff was an innocent purchaser of said note and mortgage, and in this they wholly failed. As was stated in the Loomis Case, the situation of the defrauded makers of the note and mortgage makes strong appeal to the equitable consideration of the court, and yet the equities of plaintiff are entitled to equal consideration. Defendants' negligence and misplaced confidence in the loan company was the occasion of the loss, which must be borne by either plaintiff or defendants. This being true, the loss should fall upon defendants.

There being no competent evidence upon which the question of agency, as raised in this case, should have been submitted to the jury, and plaintiff's evidence to the effect that he was the owner and holder of the note sued on in due course as an innocent

purchaser thereof being undisputed by competent evidence, it was error for the court to overrule plaintiff's motion for a directed verdict in his favor, and to overrule the motion for judgment notwithstanding the verdict of the jury.

The judgment of the trial court is therefore reversed and remanded, with directions to render judgment in favor of plaintiff on said note and foreclosing said mortgage.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 935, §692; p. 945 §709; 21 R. C. L. p. 821; 3 R. C. L. Supp. p. 1193; 4 R. C. L. Supp. p. 1431; 5 R. C. L. Supp. p. 1173. (2) 2 C. J. p. 961, §731. (3) 8 C. J. p. 748, §1020; p. 1046, §1358; 3 R. C. L. p. 1038; 1 R. C. L. Supp. p. 954.