### BROWN v. HOWARD et al.

No. 19283. Opinion Filed Oct. 29, 1929.

Earl Bohannon and King & Delaney, for plaintiff in error.

McKeown & Green, for defendant in error.

FOSTER, C. The plaintiff, Louise A. B. Brown, commenced this action in the district court of Pontotoc county on the 6th day of October, 1924, to foreclose a real estate mortgage. The defendants C. S. Collins and wife offered to confess judgment in the sum of $600, together with taxes, interest and costs, which was refused by the plaintiff, and after hearing the testimony, the court rendered a judgment in compliance with the offer made by the defendants C. S. Collins and wife, and from this judgment this appeal is prosecuted.

The real estate mortgage, which is attempted to be foreclosed in this action, was made and executed by Benjamin A. Howard and Martha E. Howard, his wife, for the sum of $1,200, payable to the Conservative Loan Company, dated April 10, 1915, due and payable on the 1st day of April, 1925. Interest coupons were attached to said mortgage in the sum of $72, payable annually. Soon after the execution and recording of said mortgage, the same was assigned to the plaintiff, who paid a good and valuable consideration therefor, and her assignment was duly recorded in Pontotoc county on the 3rd day of November, 1915. The real estate covered by the mortgage was thereafter conveyed to the defendant C. S. Collins, who assumed and agreed to pay the mortgage. After the conveyance of the land to Collins, he paid the interest coupons as they fell due to the Conservative Loan Company until in the year 1919, when, in addition to paying the interest, he also paid to the Conservative Loan Company the sum of $600 to be applied upon the principal of said note. It appears that this payment was made to one R. E. Brians, local agent of the Conservative Loan Company at Ada, the loan company's office being in Shawnee, and some question is raised as to whether this was a payment to the loan company; but for the purpose of this case, it will be assumed that Brian was an agent of the Conservative Loan Company.

After the payment of the $600, C. S. Collins paid to the Conservative Loan Company only the sum of $36 per year as interest for the years 1920 to 1923, and received from the Conservative Loan Company his interest coupons. The record disclosed that the Conservative Loan Company sent the money in payment of the interest coupons to its agent,

George M. Christner Company, in Connecticut, and that company paid the interest coupons to the plaintiff, received the canceled coupons, and sent them to the Conservative Loan Company, who delivered them to the defendants O. S. Collins and wife. The George M. Christner Company handled the transaction originally when the mortgage was assigned to this plaintiff.

After the payment to the Conservative Loan Company of the $600, to be applied upon the principal, that company continued to send its agent in Connecticut the full amount of the interest coupons, to wit, $72, which was paid to the plaintiff, although said company only received from the defendant Collins the sum of $36. After the Conservative Loan Company failed in 1923, the defendant Collins, through his attorney, tendered to the plaintiff $36 in payment of an interest coupon, which was refused, and after failure to pay the entire amount of the interest, as shown by the face of the mortgage, this action was brought to foreclose the same.

The cause was tried before a court, who rendered a judgment in favor of the plaintiff for the sum of $600, together with interest, and a further sum for the amount of taxes which had been paid by the plaintiff, and for a foreclosure of the property; and it is from this judgment that plaintiff appeals.

Several assignments of error are made, but we think the chief and only question necessary for a proper determination of this case is whether or not the Conservative Loan Company, under the circumstances in this case, was the agent of the plaintiff for the purpose of receiving the $600, paid as a part of the principal on the note.

There seems to be no testimony in the record other than the fact that the plaintiff for a long period of years received payment of the interest coupons from the Conservative Loan Company, or its agent, George M. Christner Company, and delivered the coupons to that company, who in turn delivered said coupons to the defendants.

The payment of a negotiable promissory note before maturity by the mortgagor or his grantee, when made to the mortgagee not in possession of the notes and mortgage, is not binding upon the assignee thereof, who has possession of the notes and mortgage at the time of payment, unless he has expressly or impliedly authorized such payment. Bale v. Wright, 120 Okla. 174, 252 Pac. 56; Monroe v. Kitterer, 127 Okla. 212, 260 Pac. 479; Frank v. Cannavan, 127 Okla.

152, 260 Pac. 47; Chase v. Commerce Trust Co., 101 Okla. 182, 224 Pac. 148.

This rule is of equal force when applied to part payments of a promissory note. Ramsay v. Thompson, 127 Okla. 257, 260 Pac. 773. While recognizing this general rule, the defendants rely upon the general proposition, which is universally recognized, that the question of whether or not an agency exists is a question for a court or jury, and a finding that an agency does exist will not be reversed where there is any competent evidence reasonably tending to support the same.

From an examination of the entire record, however, we have come to the conclusion that there is no evidence in this record reasonably tending to support the finding of the trial court that the Conservative Loan Company was the agent of plaintiff.

Defendants in error rely, principally, upon the cases of Brouse v. Cox, 129 Okla. 130, 263 Pac. 1088; Walker v. Beveridge, 107 Okla. 147, 231 Pac. 217; Perry v. Krause, 130 Okla. 285, 267 Pac. 266. From an examination of each of these cases, we are convinced that they are not in point. They are each under a different state of fact.

In the case of Brouse v. Cox, supra, the Security Land & Credit Company was alleged to have been the agent, and in that case the plaintiff herself testified that she had authorized the admitted agent of that company to represent her in the collection of her notes.

In the case of Perry v. Krause, supra, while the facts are somewhat similar to those in the case at bar, it is clearly pointed out in the opinion that the plaintiff in that case sent the original note and mortgage for collection to the company, which it is alleged was his agent, and this was held to be a circumstance that the company was also the agent of the plaintiff for another mortgage on the same land, which was held by the same plaintiff.

In the case of Walker v. Beveridge, supra, there were numerous letters and telegrams exchanged between the plaintiff, defendant and the alleged agent, which were held to be sufficient to establish an agency.

In the case at bar, we can find no testimony other than the payment by the Conservative Loan Company to the plaintiff of the interest coupons extending over a period of years, and the plaintiff, after receiving payment, delivered these coupons to the Conservative Loan Company, who in turn

delivered them to the defendants. The defendants in their brief seemed to admit that this is practically the only testimony to support agency. At page 52 of defendants' brief, the following statement is made:

"There is ample evidence to establish the fact that for a period of seven years, plaintiff received her interest from the Conservative Company without question or complaint as to why said company was acting for her in the collection of the interest. Certainly this long series of dealings between the plaintiff and the Conservative Company was competent to go to the jury upon the question of agency."

The plaintiff in this case denies that she ever authorized the Conservative Loan Company to collect the interest, and that she had no business dealings whatever with the said company in any manner except that she purchased the note and mortgage from George M. Christner Company, and received from that company certain payments of interest, at which time she delivered the interest coupons.

We think the case of Monroe v. Kitterer, supra, is decisive against the contention of defendants. In that case it was held that payments of interest, made as contended for by the defendants in this case, did not raise an issue of fact as to agency, and sustained the action of the trial court in refusing to allow such evidence to go to a jury. To the same effect are the following cases: Winnebago State Bank v. Hall, 127 Okla. 215, 260 Pac. 497; Ramsay v. Thompson, supra.

There is also some contention in the brief of plaintiff in error that certain incompetent evidence was admitted. But assuming, without deciding, that this contention is without merit, we believe from an examination of the entire record—assuming that all the testimony introduced is competent—that there is an absolute failure of any proof sufficient to show an agency. It is admitted by the record that the money was paid to the Conservative Loan Company, and, since we hold that the Conservative Loan Company is not the agent of the plaintiff, under the well established rule the payment was made at the risk of the payor. We think, clearly, from the record in this case, that the judgment of the trial court was erroneous.

Defendants contend that plaintiff did not comply with rule 26, but we see no merit to this contention.

The cause is therefore reversed, with directions to the trial court to enter a judgment for the full amount of the mortgage as prayed for in the petition of plaintiff.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 23 L. R. A. (N. S.) 414; L. R. A. 1916b, 860; 21 R. C. L. p. 20. See "Agency," 2 C. J. 727, p. 954, n. 83, "Mortgages," 41 C. J. §720, p. 699, n. 19.