## HOLLAND v. SCHERUBLE HEATING, PLUMBING & REPAIR SHOP.

No. 11767—Opinion Filed Nov. 6, 1923.

Rehearing Denied May 13, 1924.

**1. Principal and Agent—Agency Question for Jury.**

The question of agency, when made an issue in a case, is a question of fact to be determined in law actions by the jury, from all the facts and circumstances connected with the transaction.

**2. Appeal and Error—Cross-Petition in Error—Necessity.**

This court will not consider whether on the trial of a cause there was error in a ruling against defendant in error when such ruling is not involved in any error assigned by plaintiff in error, in the absence of a cross-petition in error.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Scheruble Heating Plumbing & Repair Shop against Mrs. M. M. Holland and Carrie Holland. Judgment for plaintiff, and defendant brings error. Judgment of the lower court is reversed.

Bruce & Brewer, for plaintiff in error.

Eck E. Brook, for defendant in error.

Opinion by JARMAN, C. This is an action by the Scheruble Plumbing, Heating & Repair Shop, against Mrs. M. M. Holland and Carrie Holland, for judgment in the sum of $124.26, and for foreclosure of a mechanic's lien. The cause was tried to a jury, resulting in a verdict for the plaintiff, against the defendant Mrs. M. M. Holland in the sum of $120.15, on which judgment was rendered and said defendant brings error. The court declined to decree a lien on the property of the defendant for said amount, and the plaintiff has not appealed.

The plaintiff alleges that it entered into a contract with the defendants, Mrs. M. M. Holland and Carrie Holland, to repair a bathroom in the home of the defendant

Mrs. M. M. Holland; that pursuant to said contract the plaintiff furnished material and performed labor in repairing said bathroom to the amount of $124.26; that in due time the plaintiff filed a lien claim for said material and labor; that said sum of $124.26 was never paid by the defendants, and the plaintiff prayed for judgment for said sum and for the foreclosure of a mechanics' lien on the home of Mrs. M. M Holland. The defendant Mrs. M. M. Holland filed a separate answer, in which she denied that she entered into a contract with the plaintiff as set out in its petition, and denied that she is indebted to the plaintiff in any sum, which answer was duly verified; and the defendant Carrie Holland filed her separate answer and alleged that she made the contract with the plaintiff to repair said bathroom, and the plaintiff was to furnish the material and perform the work necessary to repair the same for the sum of $64, which she had tendered to the plaintiff and which was refused and which amount she tendered in court, and this answer was verified.

One of the principal questions in the case is whether Carrie Holland acted as agent for the defendant Mrs. M. M. Holland in making the contract with the plaintiff to repair said bathroom. Said defendant denied that Carrie Holland was her agent, and, under the evidence in the case, this was a disputed fact. The court, with regard to this question, instructed the jury in instruction No. 2, as follows:

"You are instructed that plaintiff acting through his agent Mrs. Scheruble entered into an oral agreement with Carrie Holland, acting as the agent of Mrs. M. M. Holland, for furnishing certain material and performing certain work for defendant, Mrs. M. M. Holland; now if you believe from the evidence that it was then agreed that the cost of the material used would be $64 and that the price of the labor was not agreed upon, then the law implies that the reasonable value of the work necessarily performed would be charged and paid for, and defendant, Mrs. M. M. Holland, would be liable to plaintiff, for the agreed price of the material used, to wit, $64, and the reasonable value of the work necessarily done in performing the work agreed to be done. On the other hand if you believe from the evidence that the agreement made between Mrs. Scheruble, acting as agent of plaintiff, and Carrie Holland, acting as agent of Mrs. M. M. Holland, was that plaintiff was to furnish the material and perform the labor for an agreed price of $64 then the defendant, Mrs. M. M. Holland, would be liable to plaintiff for only the sum of such agreed price, to wit, $64, and your verdict should be in favor of plaintiff

and against defendant, Mrs. M. M. Holland, according as you may believe the agreement in question to have been made."

The defendant Mrs. M. M. Holland alleges that the giving of this instruction was prejudicial error for the reason that the court took from the jury the question of whether, under the proof in the case, Carrie Holland acted as her agent in this transaction. We think this contention is well taken, for the question of agency was made an issue in the case, and was a fact to be determined by the jury. Agency is never presumed but is a question of fact to be proven. Clevenger v. Crosby & Mooney, 89 Okla. 55, 213 Pac. 76; Reed v. Robinson, 83 Okla. 68, 200 Pac. 773; Thorp Oil & Specialty Co. v. Home Oil Ref. Co., 79 Okla. 225, 192 Pac. 584.

The plaintiff contends, in its brief, that the court erred in refusing to enter judgment foreclosing a mechanic's lien on the home of the defendant Mrs. M. M. Holland for the amount of $120.15, for which the jury returned a verdict, and asks this court to direct the trial court to declare a lien on said property for the sum of $120.15, and to enter a judgment foreclosing the same. Plaintiff did not file a motion for a new trial and did not give notice of appeal from the judgment of the lower court, and has not filed a cross-petition in error in this court, and, therefore, the error complained of in this regard by the trial court cannot be reviewed by the Supreme Court and the judgment of the trial court, in refusing to decree said sum of $120.15 as a lien on the property of the defendant Mrs. M. M. Holland, and foreclose the same, being not appealed from, has become final. Van Arsdale & Osborne v. Olustee School Dist. No. 35 of Greer County, 23 Okla. 894, 101 Pac. 1121; Higgins-Jones Realty Co. v. Davis, 60 Okla. 20, 158 Pac. 1160; Kibby v. Binion, Sheriff, 70 Okla. 96, 172 Pac. 1091; Dotterer v. Chicago, R. I. & P. Ry. Co., 78 Okla. 67, 188 Pac. 1055.

The judgment of the trial court is reversed for a new trial, as to the personal judgment rendered against the defendant Mrs. M. M. Holland.

By the Court: It is so ordered.