## GINNER & MILLER PUBLISHING CO. v. N. S. SHERMAN MACHINE & IRON WORKS.

No. 11775—Opinion Filed Nov. 13, 1923.

### 1. Principal and Agent—Question of Agency for Jury.

The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury.

### 2. Same.

On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury.

**3. Trial—Motion to Direct Verdict—Consideration.**

The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence that has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably sustain a verdict, should the jury find in accordance therewith.

**4. Same — Erroneous Directions of Verdict — Action on Account.**

Record examined, and held, that the trial court erred in sustaining motion for a directed verdict at the close of all the testimony.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Hal Johnson, Assigned Judge.

Action by the Ginner & Miller Publishing Company, a corporation, against N. S. Sherman Machine & Iron Works, a corporation. Judgment for defendant, and plaintiff appeals. Reversed.

Ames, Chambers, Lowe & Richardson, for plaintiff in error.

Wilson, Tomerlin &Threlkeld and S. S. Chandler, Jr., for defendant in error.

Opinion by FOSTER, C. This action was commenced by plaintiff in error, the Ginner & Miller Publishing Company, a corporation, plaintiff below, before a justice of the peace of Oklahoma county against defendant in error, N. S. Sherman Machine & Iron Works, a corporation, defendant below, to recover on a verified account based upon a certain contract for the payment of the sum of $200. For convenience, the parties will be designated as they appeared in the court below.

The written contract attached to plaintiff's bill of particulars is as follows:

"Okla. City, April 20, 1918.
"The Ginner & Miller Publishing Co.,
"Publishers Cotton & Cotton Oil News,
"Dallas, Texas.

"Gentlemen: You are authorized to publish our ¼ page advertisement_____ times to occupy ¼ page inches every issue for eight months.

"For which we promise to pay $200, payable $25 monthly.

"N. S. Sherman Machine & Iron Works,
By W. R. Rodgers.
"Accepted by N. T. Blackwell, Jr.,
"For the Ginner & Miller Pub. Co.

"All contracts payable in Dallas, in Dallas exchange. Failure to supply copy gives the publisher authority to prepare copy."

The answer of the defendant contained a general denial, and further pleaded that the defendant and one W. R. Rodgers had a business arrangement to manufacture the Rodgers Cotton Cleaning Machine, and that all sales were made by Rodgers subject to approval by the defendant; that Rodgers had no authority to make contracts for the defendant without the consent of an executive officer; that Rodgers had advertised the machine, but had no authority to bind the defendant until the advertisements were specially approved by the defendant; that the first notice that defendant had that Rodgers had entered into a contract with plaintiff for advertising was on Judy 3, 1918, when it received a statement for running an ad for the months of May and June; that upon receipt of the statement the defendant took the matter up with Rodgers who did not advise the defendant that he had undertaken to sign a contract with the plaintiff, and requested that the ad should be stopped; that it notified the plaintiff that Rodgers had no authority to execute the contract, and offered to confess judgment for $56.25, the amount due for running the ad in nine issues under the contract.

Trial before the justice of the peace resulted in a judgment for the plaintiff in the sum of $200. From this judgment the defendant appealed to the district court of Oklahoma county. On the 13th day of April, 1920, the cause was tried to a jury in the district court of Oklahoma county, and at the conclusion of all the testimony, on motion of defendant, the court instructed the jury to render a verdict for the plaintiff in the sum of $56.25. A directed verdict was rendered by the jury, and from a judgment based on this verdict, the plaintiff brings the cause regularly on appeal to this court.

Plaintiff insists that the trial court committed reversible error in sustaining the motion of defendant for a directed verdict for the plaintiff in the sum of $56.25, and in overruling the motion of plaintiff for a new trial.

If defendant permitted Rodgers to hold himself out as possessing authority to enter into the contract, and the plaintiff, in reliance upon the apparent authority of Rodgers, entered into the contract in question, the defendant is bound by his acts. National Surety Co. v. Miozrany et al., 53 Okla. 322, 156 Pac. 651.

If Rodgers assumed to act as agent for the defendant, when in reality he had no

authority to do so, and the defendant, knowing the facts, recognized his authority to sign the contract, or recognized the contract as its own, then a ratification occurred and the defendant is liable on the contract.

Defendant insists that there was no competent evidence introduced at the trial tending to establish Rodgers' agency and tending to show the nature and extent of his authority to enter into the contract in question.

An examination of the record, however, discloses to our satisfaction that while the evidence on this question was conflicting, there was nevertheless sufficient evidence introduced to have authorized the submission of the question to the jury under proper instructions.

The evidence discloses that the defendant and Rodgers were interested in the manufacture and sale of the Rodgers Cotton Cleaning Machine, of which Rodgers was the patentee; that Rodgers had a desk in the offices of the defendant and was permitted to use a rubber stamp of the N. S. Sherman Machine & Iron Works in signing correspondence of the defendant with reference to sales made.

The evidence further discloses that, under the arrangement had between the defendant and Rodgers for the manufacture and sale of the machine Rodgers acted as salesman, subject to approval of the defendant, and that the profits, after deducting all expenses of manufacture and sale, were divided equally between Rodgers and the defendant.

There was evidence that the placing of the order for the advertising space by Rodgers took place on the occasion of a convention of cotton ginners in Oklahoma City, and that Rodgers was present at this convention, distributing pencils, giving away tickets, and doing advertising for the N. S. Sherman Machine & Iron Works; that Rodgers there met Mr. Blackwell, representing the plaintiff, who went with Rodgers to the office of the defendant where the contract for the advertising space was signed with the rubber stamp, which the defendant furnished and permitted him to use.

There is also evidence that after the defendant became aware that Rodgers had executed the contract on its behalf, it communicated with the plaintiff by letter in which it used language indicating that it was bound by the contract and that it later repudiated the contract only after it failed to reach a settlement based on its version that the contract could be discontinued after a period of two or three months.

Our Supreme Court has many times held that the apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question for the jury. Minn. Thresh. Machine Co. v. Humphrey et al., 27 Okla. 694, 117 Pac. 205; Wrought Iron Range Co. v. Leach, 32 Okla. 706, 123 Pac. 419.

In Brownell v. Moorehead, 65 Okla. 218, 165 Pac. 408, our court said in the tenth paragraph of the syllabus:

"Proper circumstantial facts tending to prove the existence of an agency being in evidence, and the agency being denied, the trial court was not in error in submitting the question of the existence of the agency to the jury, and in instructing them that they might take such facts and circumstances, as well as those surrounding the particular transaction, into account in determining whether or not an agency existed."

And in Taylor v. Insurance Company, 25 Okla. 92, 105 Pac. 354, our court said:

"Where there is evidence reasonably tending to sustain the issues on the part of the plaintiff and the evidence on the part of the defendant conflicts therewith, the determination thereof is for the jury."

In Central Mortgage Co. v. Michigan State Life Ins. Co., 43 Okla. 33, 143 Pac. 175, it is said:

"* * * It is undoubtedly the rule that where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury."

While there was no direct evidence introduced on the question of agency and the extent of the agent's authority, there were strong circumstantial facts tending to prove agency, and under the case of Brownell v. Moorehead, cited above, such facts tended to prove the existence of agency and authorized the submission of the question to the jury.

In passing upon the motion for a directed verdict, it was the duty of the court to eliminate from consideration all facts and inferences in conflict with the evidence introduced on behalf of plaintiff, leaving for consideration only the plaintiff's evidence and such inference and conclusions as might be reasonably drawn therefrom. Kelley v. Hamilton, 78 Okla. 179, 189 Pac. 535; Smith v. Rockett, 79 Okla. 244, 192 Pac. 691; Harrison v. Corry Pharmacy, 78 Okla. 127, 188 Pac. 1076. Had the trial court properly applied this rule, it seems to us that it would have found enough competent evidence in the record to reasonably sustain a verdict, should the jury find in accordance therewith.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.