Note.—See under (1, 3) 28 Cyc p. 1046 (1926 Anno.) ; (2) 28 Cyc. pp. 1171, 1185; (4) 28 Cyc pp. 1013, 1170, 1135; (5) 28 Cyc. p. 1185.

---

## SCHOONOVER v. BEVERIDGE et al.

No. 13794—Opinion Filed Feb. 17, 1925.

(Syllabus.)

1. **Principal and Agent—When Agency Question for Jury.**

Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury under proper instructions of the court, and the jury may consider all the facts and circumstances introduced in evidence in such determination.

2. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Where there is any competent testimony reasonably tending to support the verdict of the jury and the verdict has been approved by the trial court, the judgment will not be disturbed on appeal.

Error from District Court, Oklahoma County; Hal Johnson, Assigned Judge.

Action by Lena Sewell Schoonover against C. G. Beveridge and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Morse, Willingham & Tyson, for plaintiff in error.

Barritt Galloway, for defendants in error.

LESTER, J. This action was brought in the district court of Oklahoma county by the plaintiff, Lena Sewell Schoonover, for the purpose of foreclosing a certain mortgage in the sum of $1,200, said mortgage having been executed by the defendants C. G. Beveridge and Ida Beveridge in favor of Aurelius-Swanson Company, and subsequently assigned by Aurelius-Swanson Company to plaintiff through plaintiff's duly appointed. authorized, and acting agent.

In the month of December, 1916, the plaintiff, who was then known as Lena Sewell, acting through her duly appointed, authorized, and acting agent, Forest A. Ward, purchased from the Aurelius-Swanson Company the note and mortgage in controversy, and the assignment thereof, which was duly, recorded on December 9, 1916. Thereafter, the defendants C. G. Beveridge and Ida Beveridge, being the owners of the property mortgaged, sold and conveyed the same to the defendant Blanche W. Polk, who assumed payment of the mortgage, and who subsequently sold the property to the defendant E. B. Galloway, who likewise assumed payment of the note and mortgage.

In March, 1920, the defendant E. B. Galloway sold the property to the defendant A. E. Taylor. The defendant E. B. Galloway paid to the Aurelius-Swanson Company a sufficient sum to discharge the note and mortgage, and received from Aurelius-Swanson Company a release of said mortgage purported to have been executed by the plaintiff. The plaintiff conducted all her transactions with reference to said note and mortgage through the Homer Sewell Abstract Company, Inc., Forest A. Ward, and the Fountain Trust Company, a corporation, all of Covington, Ind., all the duly appointed, authorized, and acting agents of the said plaintiff, and the said Aurelius-Swanson Company, which the defendants alleged to be the duly appointed, authorized and acting agent of the plaintiff, Lena Sewell Schoonover.

The defendants in their answer to the petition of the plaintiff stated and alleged that Aurelius-Swanson Company was the duly authorized agent of the plaintiff to collect the said note, the subject of plaintiff's petition. Issues were formed in the trial court, and the principal question sub-

mitted to the jury was whether Aurelius-Swanson Company was the agent of the plaintiff, Lena Sewell Schoonover, for the purpose of collecting the said note. A trial was had to a jury: the jury found in favor of the defendants; a judgment was rendered thereon, and the plaintiff prosecutes this appeal for the purpose of reversing said judgment.

Upon examination of the record we find there were a number of letters introduced showing correspondence between the plaintiff and Aurelius-Swanson Company. The initial letter written by the plaintiff to Aurelius-Swanson Company is in part as follows:

"Will you please mail us your plans for placing money in first farm mortgages where it will bring the largest returns with the least worry. Write us or explain fully your method and we may be able to get together on some business."

In response to this letter, Aurelius-Swanson Company replied in part:

"Interest notes are sent out promptly on the day due and the loan is also promptly taken care of at maturity. Everything connected with the loan is looked after by us in such a way that it takes all worry and responsibility from the investor."

To this letter, the plaintiff, by her agent, replied:

"We have endeavored to interest our client, and she has these statements to make. She cares nothing about the value of the security, the title to the same, insurance, etc., but is only interested in placing her money in a safe investment to net the highest rate of interest. She asks us to inquire whether or not you stand behind your loans, collect interest when due, guarantee the payment of the principal at maturity. In fact, she only wants to be satisfied that you are a responsible company, and see to the important detail of the loan, and guarantee the same absolutely, without any worry to her whatever."

From other evidence submitted to the jury it was shown that Aurelius-Swanson Company from time to time collected interest on the loan, remitted the same to the plaintiff, and assured the plaintiff that it woud look after every detail of the loan, and from a long course of correspondence between plaintiff and Aurelius-Swanson Company it was shown that the plaintiff relied absolutely upon Aurelius-Swanson Company to look after every detail of the transaction. The principal note was payable at the office of Aurelius-Swanson Company, and from a full examination of all the evidence we think there was sufficient evidence to justify the jury in rendering the verdict that it did.

Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury under proper instruction of the court. The jury may consider all the facts and circumstances introduced in evidence in such determination. Where there is any competent testimony reasonably tending to support the verdict of the jury and the verdict has been approved by the trial court, the judgment will not be disturbed on appeal. The judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 2 C. J. p. 960. (2) 4 C. J. p. 864.