## JILSON v. DICKINSON-REED-RANDERSON CO.

No. 16556. Opinion Filed May 24, 1927.

Rehearing Denied July 5, 1927.

(Syllabus.)

1. **Principal and Agent—Agency as Question for Jury—Evidence.**
Where the facts upon the question of

agency are controverted, it becomes an issue to be determined by the jury under proper instructions of the court, and the jury may consider all the facts and circumstances introduced in evidence in such determination.

## 2. Same—Conflicting Evidence.

On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury.

## 3. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.

Where questions of fact are submitted to the jury under proper instruction from the court, the jury's verdict and judgment rendered thereon will not be disturbed on appeal, where there is any evidence reasonably tending to support same.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by Dickinson-Reed-Randerson Company, a corporation, against Joel E. Ervin et al.; Elida S. Jilson, intervener and cross-petitioner. Judgment for plaintiff, and intervener appeals. Affirmed.

E. C. Stanard and M. L. Hankins, for plaintiff in error.

Blanton, Osborne & Curtis, for defendant in error.

PHELPS, J. Joel E. Ervin and Roxie Ervin executed their promissory note to Aurelius-Swanson Company, a corporation, and to secure this note they also executed their real estate mortgage covering certain real estate located in Garvin county. Aurelius-Swanson assigned the note and mortgage to Elida S. Jilson, plaintiff in error herein. This assignment, however, was not placed of record until sometime thereafter. At a subsequent date Joel E. Ervin and Roxie Ervin executed their promissory note payable to Dickinson-Reed-Randerson Company, defendant in error herein, and to secure this note they executed their mortgage covering the same real estate. The mortgage previously given to Aurelius-Swanson Company having been released of record, a sufficient amount of the proceeds of the loan secured from Dickinson-Reed-Randerson Company was paid over to Aurelius-Swanson Company to satisfy the first mortgage so given. It appears, however, that this amount was never remitted to Elida S. Jilson.

Default having been made in the payments due Dickinson-Reed-Randerson Company, it instituted, in the district court of Garvin county, foreclosure proceedings praying for judgment decreeing its mortgage to be a first lien on the real estate. Elida S. Jilson pleaded her mortgage, claiming a first lien on said real estate, and prayed foreclosure thereof.

It was contended by Dickinson-Reed-Randerson Company that Aurelius-Swanson Company was the authorized agent for Elida S. Jilson for the purpose of collecting the amount due on the mortgage originally given, and that the amount due on said mortgage having been paid to Aurelius-Swanson Company and the mortgage released, the mortgage of Dickinson-Reed-Randerson Company became a first lien on the real estate.

When the cause came on for trial it was submitted to a jury upon the sole question as to whether Aurelius-Swanson Company was the agent of Elida S. Jilson and authorized to receive the payments due on the mortgage, and upon this issue the jury found in favor of plaintiff, Dickinson-Reed-Randerson Company, and from the judgment rendered thereon this appeal is prosecuted.

In plaintiff in error's assignment she complains that the court erred in admitting incompetent evidence and in the instructions to the jury, also in refusing to give certain instructions, but we have carefully examined the record, read the briefs and authorities therein cited, and have reached the conclusion that if errors were therein committed, they were of little importance and in no way prejudiced the rights of plaintiff in error, and, upon the whole, the cause was fairly submitted to the jury.

Then, the question to be herein determined—was there any evidence reasonably supporting the jury's verdict—has been so frequently disposed of by this court and the rule relative thereto made so plain, that it appears unnecessary to again reiterate the same; however, we call attention to Ginner & Miller Pub. Co. v. Sherman, 93 Okla. 221, 220 Pac. 650, in the second paragraph of the syllabus of which this court said:

"On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury."

Also Holland v. Scheruble, 99 Okla. 141, 226 Pac. 39, wherein this court, in the first paragraph of the syllabus, said:

"The question of agency, when made an issue in a case, is a question of fact to be determined in law actions by the jury, from all the facts and circumstances connected with the transaction."

Also Walker v. Beveridge, 107 Okla. 147, 231 Pac. 217, in the first paragraph of the syllabus of which this court said:

"W. sued the makers for judgment on a note and to foreclose a real estate mortgage against B. and others, who were subsequent purchasers. The defendants pleaded payment of the debt, not to W. directly, but to A. S., alleged to have been the agent of W. authorized to receive payment, and that the release of the mortgage was made of record by the agent.

"The question whether the agent was authorized to do the particular act here done was a question of fact to be determined by the jury from the facts in evidence, including the circumstances and course of dealing of the parties. The fact of authority of the alleged agent being determined by the verdict of the jury, and there being evidence reasonably tending to support the same, the judgment in favor of defendants was correct."

And in Schoonover v. Beveridge, 108 Okla. 114, 233 Pac. 728, this court said:

"Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury under proper instructions of the court, and the jury may consider all the facts and circumstances introduced in evidence in such determination."

In view of the rule announced in these authorities, the only escape from the finding of the jury is that there is no evidence supporting it, but an examination of the record in this case discloses abundant evidence to support the verdict.

Mrs. Jilson pleaded a written instrument signed by the mortgagors, specifically making Aurelius-Swanson Company their agents when they made application for the original loan, but the record disclosed a course of dealings between Mrs. Jilson, through her husband, who apparently transacted most of her business for her, and Aurelius-Swanson Company, covering a period of ten or twelve years, in which some 20 or 25 loans were negotiated aggregating a total of approximately $50,000, and it appears that the interest coupons and the notes, when due, were sent to and intrusted to Aurelius-Swanson Company for collection and remittances, and all of these facts were competent for the jury to consider in ascertaining whether Aurelius-Swanson Company was the authorized agent of the Jilsons, and, in view of the whole record, we cannot interfere with the jury's verdict, without doing violence to the well-established law in this state.

The judgment of the district court, based upon the verdict of the jury, is, therefore, in all things affirmed.

MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1, 2) 2 C. J. p. 960, §731; p. 962, §733; 21 R. C. L. p. 822; 3 R. C. L. Supp. p. 1192; 4 R. C. L. Supp. p. 1431; 5 R. C. L. Supp. p. 1173: 6 R. C. L. Supp. 1285. (3) 4 C. J. p. 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.