## BROUSE v. COX et al.

No. 17881. Opinion Filed Feb. 7, 1928.

(Syllabus.)

1. **Principal and Agent—Agency as Question for Jury—Evidence.**
Where the facts upon the question of

agency are controverted, it becomes an issue to be determined by the jury under proper instructions of the court, and the jury may consider all the facts and circumstances introduced in evidence in such determination. Jilson v. Dickinson-Reed-Randerson Co., 125 Okla. 276, 257 Pac. 759.

## 2. Same—Finding of Jury on Conflicting Evidence Conclusive.

On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury. Jilson v. Dickinson-Reed-Randerson Co., 125 Okla. 276, 257 Pac. 759.

## 3. Same—Implied Power of Agent to Employ Subagent.

The general rule is that an agent has no implied power to delegate his powers to a subagent, and any one employed by him as a subagent does not become the agent of the principal, without the principal's consent; but such power may be implied where the powers of the agent are general, and the necessity for the appointment of a subagent is apparent from the nature of the business.

Commissioners' Opinion, Division No. 2.

Error from District Court, Rogers County; Wayne W. Bayless, Judge.

Action by Lillian Brouse against Sidney Cox, Alma Cox, J. R. Foster, and Mrs. J. R. Foster, to recover $2,000 principal and $120 interest, and $214 expenses and attorneys' fee, and foreclosure of real estate mortgage. Judgment for plaintiff for $848. Plaintiff appeals. Affirmed.

Holtzendorff & Holtzendorff, I. O. Correll and H. Grady Ross, for plaintiff in error.

H. Tom Kight, for defendants in error.

DIFFENDAFFER, C. This is an action instituted by plaintiff in error, plaintiff below, against Sidney Cox, Alma Cox, J. R. Foster, and Mrs. J. R. Foster, defendants in error, defendants below, for judgment upon a promissory note for the principal sum of $2,000, $120 interest claimed to be due on said note on the 1st day of October, 1924, and $200 attorneys' fee, and for the foreclosure of a mortgage.

On April 20, 1917, Sidney Cox and Alma Cox executed the note and mortgage here in controversy to the Security Land Credit Company, a corporation. The mortgage covered 150 acres of land then owned by defendant Sidney Cox. On May 17, 1917, the Security Land Credit Company assigned the note and mortgage in blank, and delivered same to Robinson, Catlin, Mulford & Smith of Rockford, Ill. Thereafter, Robinson, Catlin, Mulford & Smith sold the note and mortgage to plaintiff, Lillian Brouse, and placed her name in the assignment of the mortgage, as assignee. This assignment was filed for record in Rogers county July 3, 1917. The interest on the note fell due on the 1st day of October of each year. Cox paid the interest on the note each year until 1920. On May 12, 1921, Sidney Cox and Alma Cox conveyed 80 acres of the land covered by the mortgage to defendant J. R. Foster, subject to the mortgage, and Foster assumed the payment of the note secured by the mortgage. Foster paid the interest as it fell due until October 25, 1922, at which time he paid the interest due October 1st, and $1,000 on the principal of the note. October 18, 1923, he paid $200 on the principal and $61.10 interest, thus reducing the principal to $800. All these payments were made to the Security Land Credit Company. The Security Land Credit Company forwarded all these payments except the $1,000 and the $261.10 items to Robinson, Catlin, Mulford & Smith, who in turn paid them over to plaintiff. In some instances, the Security Land Credit Company forwarded the money to Robinson, Catlin, Mulford & Smith before it was paid by Cox or Foster.

The interest that fell due October 1, 1923, not having been received by plaintiff, she filed this suit on the note and mortgage. Defendants answered, pleading the payments as stated to the Security Land Credit Company, and alleged that said company was the agent of plaintiff to collect the interest and principal; admitted that they owed $848 principal, interest, and offered to confess judgment therefor.

Plaintiff replied, denying such agency, and denying the authority of the Security Land Credit Company to collect either interest or principal for her, and alleged that if such payments were made, the party making same constituted the Security Land Credit Company his own agent.

When the case came to trial it was submitted to the jury on the question as to whether the Security Land Company was the agent of plaintiff and authorized to receive the payments, and upon this issue the jury found in favor of defendants, and returned a verdict in favor of plaintiff for the $848 admitted by defendants to be due.

Plaintiff assigns as error the admission of certain evidence and the giving of certain instructions, but we think there was no sub-

stantial error in the admission of evidence, nor the instruction given, or in refusing those offered.

The question here to be determined was whether or not there is any evidence reasonably tending to support the verdict of the jury.

It is well settled that in this class of cases, when there is any competent evidence reasonably supporting the verdict, such verdict will not be disturbed. Jilson v. Dickerson-Reed-Randerson Co., 125 Okla. 276, 257 Pac. 759; Ginner & Miller Pub. Co. v. N. S. Sherman Machine & Iron Works, 93 Okla. 221, 220 Pac. 650; Holland v. Scheruble Heating, Plumbing & Repair Shop, 99 Okla. 141, 226 Pac. 39; Schoonover v. Beveridge, 108 Okla. 114, 233 Pac. 728.

Plaintiff offered in evidence the original application for the loan containing the following:

"I, the undersigned, Sidney Cox, of Catoosa, P. O. county of Rogers, state of Oklahoma, do hereby appoint the Security Land Credit Company (a corporation) my agents to procure or make a loan for me of $2,000, for the term of 10 years.

"Privilege is reserved to pay $100 or any multiple thereof, or the whole amount, at the maturity of any coupon on and after one year by giving 60 days notice."

The record, however, shows a course of dealing between plaintiff, Robinson, Catlin, Mulford & Smith, who apparently transacted most of her business for her with reference to this and other securities held by her, and the Security Land Credit Company, covering a period of several years, as would justify the court in submitting the question of agency to the jury.

It appears that the interest coupons when due were entrusted to Robinson, Catlin, Mulford & Smith, who in turn sent them to the Security Land Credit Company for collection.

It was shown that the Security Land Credit Company had an arrangement with Robinson, Catlin, Mulford & Smith, whereby the Security Land Credit Company collected interest and principal on all loans negotiated by it through Robinson, Catlin, Mulford & Smith; and Robinson, Catlin, Mulford & Smith paid this to the various customers, including plaintiff, who had purchased securities through them. This was shown by the evidence of one of the officers of the Security Land Credit Company, who, after that company became insolvent, about November 1923, became the agent and attorney of Robinson, Catlin, Mulford & Smith, and

who was acting as their attorney at the time of the trial.

Plaintiff testified that she entrusted the entire matter to Robinson, Catlin, Mulford & Smith; that she had known this firm since about 1907 or 1908; that it had been her custom to let them look after the collection of her interest; that she "expected regularly" for that firm to take care of that part of her business for her. "in such manner as they saw best"; that she had transacted other business with this firm, and what she had said with reference to this particular instance was true generally.

It is contended by plaintiff that, though Robinson, Catlin, Mulford & Smith were her agents in the matter, it was not shown that they had express authority to employ a subagent, and that under the law they had no implied authority so to do.

"The general rule is that an agent has no implied power to delegate his powers to a subagent, and anyone employed by him as a subagent does not become the agent of the principal, without the principal's consent." Messman v. Lower, 84 Okla. 151, 202 Pac. 1014.

The rule is stated in 21 R. C. L. 860, as follows:

"It is a general rule that, in all cases of delegated authority, where personal trust or confidence is reposed in the agent, and especially where the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal, and cannot be delegated to another, unless there is a special power of substitution either express or necessarily·implied."

It will be seen then that there may be in certain instances an implied power in an agent to employ a subagent. In the same paragraph, it is said:

"* * * Authority may be implied in the absence of express authority, whenever there is a necessity therefor, or the employment of subagents is usual and customary."

In 2 Corpus Juris, 687, it is said:

"As a general rule an agency to collect and receive money is one of personal trust and confidence, and therefore cannot be delegated to another, unless the agent is specially authorized so to do; but this rule does not apply to a general agency to take charge of and manage the business of a principal."

The evidence showed that Robinson, Catlin, Mulford & Smith were authorized to handle plaintiff's business, of which this was a part, in such manner as they saw best. Plaintiff, herself, testified in reference

to this particular matter that whatever method Mr. Catlin, of the firm of Robinson, Catlin, Mulford & Smith, employed, was satisfactory to her, and that they were "expected" to take care of that part of her business, and to handle it in such manner as they saw best. She also testified that that was true generally, and not only in this particular instance.

We do not wish to be understood as holding that the mere placing of the notes or coupons by plaintiff with Robinson, Catlin, Mulford & Smith for collection, would authorize that firm to employ a subagent for the purpose of collecting same, but when she clothed them with authority to handle her business generally in such way as they saw best, and to use such methods as they chose, then, if reasonable necessity arose for the appointment of a subagent, authority was implied to appoint such subagent.

The evidence showed that plaintiff and Robinson, Catlin, Mulford & Smith were located at Rockford, Ill. The debtor lived in Rogers county, Okla., and the debt, principal and interest were payable at the Exchange National Bank, Tulsa, Okla. All this tended to show the necessity for the employment of a subagent for the purpose of collection.

In Schoonover v. Beveridge, supra, it was held:

"Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury under proper instructions of the court, and the jury may consider all the facts and circumstances introduced in evidence in such determination."

With all these facts and circumstances in evidence, we cannot disturb the verdict of the jury.

The judgment of the district court based upon the verdict should, therefore, in all things be affirmed.

BENNETT, REID, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p 960, §731; 21 R. C. L. p. 822; 3 R. C. L. Supp. p. 1192; 4 R. C. L. Supp. p. 1432; 6 R. C. L. Supp. p. 1285. (2) 4 C. J. p. 858, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; .6 R. C. L. Supp. 73. (3) 2 C. J. p. 688, §347; anno. L. R. A. 1918F, 721; 21 R. C. L. p. 861; 3 R. C. L. Supp. p. 1198; 4 R. C. L. Supp. p. 1436; 5 R. C. L. Supp. p. 1176; 6 R. C. L. Supp. p. 1292.