**PERRY v. KRAUSE et al.**

No. 18421.    Opinion Filed May 8, 1928.

(Syllabus.)

**Appeal and Error—Findings on Issue of Agency Reasonably Supported by Evidence not Disturbed.**

Where a jury is waived in a law action and the issue of agency is submitted to the court, and there is competent evidence reasonably tending to support the judgment rendered, the same will not be disturbed on appeal.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by Ira A. Perry against Dell F.

Krause et al. Judgment for defendants, and plaintiff brings error. Affirmed.

Kirshner, House, Stroheker & Bennett, for plaintiff in error.

William J. Horton and Jackman A. Gill, for defendants in error.

RILEY, J. This action is for recovery upon a promissory note in the sum of $1,000, and for foreclosure of a real estate mortgage executed to secure the note.

For convenience, we shall hereinafter make reference to the parties as follows: The Conservative Loan Company and the Conservative Loan & Trust Company, kindred if not identical domestic corporations, save in name, as the loan company; to W. W. Bennett and W. W. Bennett & Company of Rockford, Ill., brokers in farm loans and commercial securities, as Bennett; plaintiff in error, Ira A. Perry, of Aurora, Ill., purchaser of the instruments sued upon, as he appeared below, plaintiff; and to defendants in error Dell F. Krause and his wife, Ada M. Krause, makers of the note and mortgage involved, as they appeared below, defendants.

The relation of the parties is decisive of the issue; therefore, our attention is attracted to a prior mortgage executed by defendants to the loan company on October 14, 1913, and due in 1918, and assigned to plaintiff, Perry, through Bennett. The instant note and mortgage, dated March 13, 1916, were renewals of the former and for an addition of $400 to principal of the loan. The paper was disposed of in the same manner as the former securities. On March 24, 1916, plaintiff, Perry, wrote the loan company:

"I am sending by American Express today all papers for Dell F. Krause loan of $600, for which you will please send me draft for $621, and I will secure another loan from Mr. Bennett."

On March 29, 1916, the loan company sent its check in the sum of $621 to Bennett in payment of the defendants' previous loan then held by Perry. Upon execution of the new note and mortgage the same were forwarded by the loan company to Bennett, who transferred and delivered the same to Perry. The assignment of the note and mortgage showing title in Perry was received by the loan company and by it recorded, and after recording the same was returned by the loan company to Bennett. Payment of insurance, taxes, and interest was secured by the loan company from the defendant borrowers, Krause and his wife,

and such interest was remitted by the loan company to Bennett, who accounted to Perry. There was a great volume of correspondence between the loan company, the defendants, and Bennett, and the one letter heretofore mentioned between the plaintiff, Perry, and the loan company. On March 19, 1923, the loan company wrote defendants:

"We have decided that we do not care to renew your loan in amount of $1,000, which matures April 1st, so, therefore, we suggest that you make your arrangements. * * *"

Another such letter to the same effect was dated March 27, 1923.

The defendants paid the full amount of their loan to the loan company on April 23, 1923. Bennett wrote the loan company on May 22, 1923, saying he had paid plaintiff, Perry, for the Krause loan, and Bennett in his letter requested another loan in exchange for the Krause investment. Upon payment, Bennett received from Perry the instruments herein sued upon. However, Bennett and plaintiff, Perry, contend that payment to Perry was not in fact more than an advance made by Bennett due to Perry's circumstances. The loan company did send to Bennett another loan identified as No. 2891, of J. R. Donly, in the amount of $1,000, in lieu of the Krause loan, which was retained by Bennett until after a receiver was appointed for the loan company, and until ascertained that there was some flaw or omission in the transcript or abstract connected with the substituted loan.

A jury was waived. The judgment below was for defendants and based upon a finding of fact. The finding of fact began by reciting that the issues generally were found to be in favor of defendants and against plaintiff. There was a special finding for defendants upon (1) the issue of agency, i. e., that the loan company was in fact the agent of Perry to collect the loan, and (2) the issue of payment of plaintiff by Bennett subsequent to defendants' payment to the loan company.

This presents an action at law, at least in so far as the suit on the note is concerned. The law rule governs. That rule is stated in the syllabus and in the following cases: Robison v. Thompson, 108 Okla. 160, 236 Pac. 396; Drew v. Anderson-Clayton Co., 120 Okla. 250, 252 Pac. 64; John v. Amer. Trust Co., 125 Okla. 172, 256 Pac. 925.

The question of agency, depending upon circumstances and course of dealing alone, is a question of fact for the determination of the jury, or court sitting in lieu thereof. Jilson v. Dickinson-Reed-Randerson Co., 125 Okla. 276, 257 Pac. 759; Ginner & Miller Pub. Co. v. Sherman, 93 Okla. 221, 220 Pac. 650; Holland v. Scheroble, 99 Okla. 141, 226 Pac. 39; Walker v. Beveridge, 107 Okla. 147, 231 Pac. 217.

There was sufficient evidence to support the court's finding as to agency. Such being the fact, it is unnecessary to consider the finding of facts as to actual payment of Perry by Bennett subsequent to defendants' payment to the loan company.

The facts here are comparable to Schoonover v. Beveridge, 108 Okla. 114, 233 Pac. 728. In that case there was an inquiry by the plaintiff addressed to the loan company concerning the system and services to be rendered. Here the counterpart is the letter of Perry to the loan company of March 24, 1916. The sending by Perry to the loan company of instruments evidencing the loan and the remittances of the principal and interest payments by the loan company and the attention and services of the loan company as to taxes and insurance, these are elements which taken together justify the conclusion reached as to agency. Another significant circumstance, not binding, of course, as a declaration of an agent unless and until ratified, was the letter of the loan company to Krause demanding a settlement of the original loan between the parties then in the hands of plaintiff, which letter was somewhat incongruous with the idea that the loan company was the agent of the borrower at that time.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See 2 C. J. p. 970, §740.