**AETNA INSURANCE CO. v. BENNETT.**

No. 22989.    March 26, 1935.

Wilson & Brown and Henry L. Burris, for plaintiff in error.

A. C. Brewster, for defendant in error.

PER CURIAM. This is an action brought by defendant in error, H. M. Bennett, against the Aetna Insurance Company, of Hartford, Conn., for the recovery of damages, caused by a windstorm, sustained to a hotel building, which was covered by an insurance policy written by the Aetna Insurance Company.

The cause was tried to a jury, which returned a verdict for the defendant in error in the amount of $250. The court on its own motion remitted $25 from said verdict and rendered a judgment for $225. From this judgment the plaintiff in error appeals.

The plaintiff herein in its motion for a new trial sets out eight specifications of error, but in its brief to the court abandons all save the fourth and fifth specifications, viz.:

"Fourth, error of the trial court in receiving and filing and approving the verdict returned in said cause against this plaintiff in error, and in favor of the defendant in error, for the reason said verdict was given and returned under influence of bias and prejudice on the part of the jury, and said damages are grossly excessive."

"Fifth, error of the trial court in receiving, filing and approving the verdict returned by the jury in said cause, for the reason that said verdict was not sustained by the evidence and is contrary to law."

In substance, these contentions urge a reversal because the verdict was returned under influence of bias and prejudice on the part of the jury; the judgment is excessive, not sustained by evidence and is contrary to law.

The question as to whether there was a storm and the testimony relative to the value of the property damaged was submitted to the jury together with instructions of the court as to the law. Plaintiff in error has not complained of the instructions, which substantially cover the law involved, and this court finds that the testimony reasonably tends to support the verdict of the jury. The jury being the sole judge of the weight and credibility to be given the testimony of a witness, this court will not become involved in matters delegated to them in absence of a showing that some substantial right has been infringed upon, and that a miscarriage of justice will result therefrom.

Where questions of facts are submitted to the jury under proper instructions from the court, the jury's verdict rendered thereon will not be disturbed on appeal, where there is any evidence reasonably tending to support the same. Jilson v. Dickson-Reed-Randerson Co., 125 Okla. 276, 257 P. 759; Ginner & Miller Publishing Co. v. N. S. Sherman Machine & Iron Works, 93 Okla. 221, 220 P. 650.

This court is unable to agree with the plaintiff in error in his contentions that the jury was biased and prejudiced against the substantial rights of the plaintiff. Liberal verdict does not, within itself, disclose bias and prejudice. The testimony in this case reasonably tends to support the findings of the jury. Burden of proving bias and prejudice is upon the one asserting the same, and this court will not disturb a jury finding supported by competent evidence on the grounds that same is excessive due to bias and prejudice, in absence of a showing that the jury was actuated by passion, prejudice, partiality, or corruption. Henshaw v. Brunson, 137 Okla. 180, 278 P. 645; Oklahoma Producing & Ref. Corp. v. Freeman, 88 Okla. 166, 212 P. 742; Muskogee Electric Traction Co. v. Dunnam, 129 Okla. 70, 263 P. 1091.

This case was tried to a jury that had the opportunity, not available to this court, of observing the witnesses from every angle while he or she was testifying, and under proper instructions from the court, the jury was the sole judge of the facts and of the weight and credibility to be given the testimony of witnesses, so they were in a much better position to rightly decide a case on its merits than this court can be on appeal.

In keeping with the views herein ex-

pressed, we are of the opinion that the verdict of the trial court should be sustained.

By the Court: It is so ordered.

The Supreme Court acknowledges the aid of Attorneys L. C. Gossett, E. A. Burke, and Bascom L. Coker in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gossett, and approved by Mr. Burke and Mr. Coker, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.