### LIND v. SMITH et al.

No. 17792. Opinion Filed Jan. 3, 1928.

(Syllabus.)

**1. Appeal and Error—Reversal—Insufficiency of Evidence.**

Where the issue in a cause has become one of law, and judgment rendered thereon is not supported by any competent evidence reasonably tending to support such judgment, the same will be reversed.

**2. Bills and Notes—Payment to Other Than Holder at Risk of Payer.**

"Payment of a negotiable note before maturity to any other than the holder thereof, or his duly authorized agent to receive such payment, is at the risk of the payer." Monroe v. Kitterer, 127 Okla. 212, 260 Pac. 479.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Elma W. Lind against Docia Smith and others. Judgment for defendants, and plaintiff brings error. Reversed.

Kirshner, House, Stroheker & Bennett and McKeown & Green, for plaintiff in error.

King & Delaney, for defendants in error.

LESTER, J. The parties to this appeal appear in this court in the same position as in the district court.

Elma W. Lind, plaintiff, sued Docia Smith and J. E. Smith, defendants, to recover the principal sum of $600 together with certain interest on a promissory note executed by the said defendants in favor of the Conservative Loan & Trust Company and to foreclose the real estate mortgage given to secure the payment of said note. Additional persons were made parties defendants, among them being Forde Harrison and Lillian Harrison, his wife

It appears that after said note and mortgage were executed and delivered to the plaintiff, the last-named defendants purchased the real estate subject to said mortgage.

The note sued on was executed August 10, 1918, and became due and payable November 1, 1923.

The Conservative Loan Company, to whom said mortgage was given to secure said note, did on the 7th day of September, 1918, assign said mortgage to the plaintiff, and on the 22nd day of November, 1918, said assignment was filed for record in the office of the county clerk of Pontotoc county, Okla.

On October 1, 1919, Forde Harrison made a payment of $200 to the Conservative Loan Company, which amount was to be applied as part payment on the $600 note due November 1, 1923. The principal question here presented for review is whether the Conservative Loan Company was the agent of the plaintiff to receive and accept the $200 payment made by Harrison to the Conservative Loan Company. This question was by the verdict of the jury in the district court decided against the contention of the plaintiff, and the judgment rendered thereon cannot be disturbed by this court if there is any competent evidence reasonably tending to support such finding.

The plaintiff testified that she bought the note and mortgage from W. W. Bennett, in the month of September, 1918; that she had

possession of the said note at all times from the date of its purchase until suit thereon was filed; that she received the interest due on said note from time to time from W. W. Bennett; and that she never at any time directly or indirectly authorized the Conservative Loan Company to act as her agent either in collecting the principal or interest on said note. From a careful examination of all the evidence in the record we are unable to find any competent evidence which disputes or challenges the correctness of the testimony of the plaintiff on this point, or in any way tends to show that the Conservative Loan Company was the agent of the plaintiff. The assignment of the note to the plaintiff was of record long before the defendant Harrison made a payment on the principal sum to the Conservative Loan Company. The said part payment on the principal sum was made nearly four years before the due date of said note.

The instant case is similar in nearly every respect to that of Monroe v. Kitterer, 127 Okla. 212, 260 Pac. 479, wherein this court, in paragraphs Nos. 1 and 2 of the syllabus, said:

"1. The plaintiff purchased a note from a local broker, who was the local agent of the Conservative Loan & Trust Company. As the interest coupons came due the defendants paid the same to the Conservative Loan & Trust Company, who in turn forwarded the amount to its local agent, who notified the plaintiff, and, upon receiving the notice, the plaintiff took the coupons to the office of the local broker, who issued his check to the plaintiff for the coupons. The plaintiff canceled the coupons and delivered them to the local broker, who returned them to the Conservative Loan & Trust Company, and the company delivered them to the defendants. The defendants also paid to the Conservative Loan & Trust Company $800 on the principal of the note before it was due, which amount was never forwarded to the plaintiff. Held, that the Conservative Loan & Trust Company was not the agent of the plaintiff, but the agent of the defendants.

"2. Payment of a negotiable note before maturity to anyone other than the holder thereof, or his duly authorized agent to receive such payment, it at the risk of the payer."

Finding that there is no competent evidence reasonably tending to support the judgment of the court, the same is reversed, with directions to proceed with the said cause not inconsistent with the views herein expressed.

BRANSON, C. J., and PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. p. 856, §2835; 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 75. (2) 8 C. J. p. 593, §828; p. 598, §835; 3 R. C. L. p. 1289; 1 R. C. L. Supp. p. 1023.