## LIND v. SMITH et al.

No. 20048. Opinion Filed Dec. 1, 1931.

Kirshner, Remely & Stroheker and McKeown & Green, for plaintiff in error.

B. C. King and W. A. Delaney, Jr., for defendant in error.

CULLISON, J. This cause was tried in the district court, appealed to the Supreme Court, and a decision rendered therein (Lind v. Smith, 128 Okla. 292, 262 P. 663) reversing said cause and remanding the same to district court. Thereafter the district court ordered a new trial of said cause. The case was tried to a jury, which awarded defendants $400 damages and found the amount due plaintiff to be $414. From which judgment of the court, plaintiff appeals.

The facts disclosed by the record show that Docia Smith entered into a contract with the Conservative Loan Company to procure a loan of $600 on certain property owned by Smith. The note and mortgage constituting the loan was executed by Smith in favor of the Conservative Loan Company and the Conservative Loan Company forwarded the same (said papers) to W. W. Bennett of Rockford, Ill., who, acting as agent of the plaintiff, procured said loan for her. Shortly after procuring said loan, Smith sold the premises in question to Forde Harrison, defendant in this cause, and Smith drops out of the transaction.

By the terms of the note and mortgage the same were payable at the office of the Conservative Loan Company at Shawnee, Okla., and defendant Harrison continued to make the semi-annual payments of interest at said office and the loan company forwarded the same to the owner and holder of the note and mortgage and would secure the return of the paid interest coupon.

The original amount of the mortgage was $600. Shortly after Harrison bought the property, he made a payment of $200 on the 1st day of October, 1919, on the principal amount to the Conservative Loan Company and thereafter each payment of interest was in the amount of $14 instead of $21. Harrison paid all of the interest payments up to the final interest coupon to the Conservative Loan Company.

The mortgage and note became due on November 1, 1923. Prior to said date Harrison communicated with Conservative Loan Company relative to the amount due to pay said loan. The Conservative Loan Company failed and was placed in the hands of a receiver on or about July 13, 1923, and on

being informed of this fact, Harrison presented the matter of payment of the balance due to this plaintiff. Plaintiff refused to give credit for the $200 previously paid to the Conservative Loan Company and demanded that she receive the full face value of the note in the amount of $600 and the final interest coupon of $21, for a total of $621.

At the second trial of said cause, defendant Harrison offered considerable testimony showing ostensible authority conferred upon the Conservative Loan Company to collect the interest and principal on said loan. Th's testimony was not presented in the first trial. Defendant showed a chain of dealings between the Conservative Loan Company and W. W. Bennett, who was the regular agent of plaintiff, showing that said parties carried on a regular loan business and brokerage business for a number of years.

The case at bar is almost identical with the case of Catlin v. Reed, 141 Okla. 14, 283 P. 549. The Catlin Case is one wherein the Conservative Loan Company carried on transactions with W. W. Bennett & Company, who handled the securities for plaintiff, so that in fact the same principles of law arose in the Catlin Case that we have in the case at bar. In the Catlin Case, supra, this court said (syllabus 5):

"Where negotiable paper is made payable at the office of the original payee, an indorsee of such paper may by a course of dealings with the original payee, in relation thereto, induce a reasonable and justifiable belief in the mind of the payer that the original payee had the authority to receive payment of the paper at the place designated, and, when payment is so made, such payment under the principle of estoppel by conduct will discharge the payer, though at the time the original payee had neither possession of the paper nor express authority to receive payment; the conduct of the indorsee being sufficient to confer ostensible authority on the original payee for that purpose."

We consider the decision of this court in the Catlin Case, supra, decisive of the question in controversy in the case at bar, and so hold.

Finding no reversible error committed by the trial court, the judgment of the lower court is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and McNEILL, J., absent.

Note.—See under (1) 3 R. C. L. 1289, 1290; R. C. L. Perm. Supp. p. 1023; R. C. L. Pocket Part, title "Bills and Notes," § 522.