## SCHOEFFEL v. CRAIG et al.

No. 19978.   Opinion Filed May 10, 1932.

E. C. Stanard, Leonard Carey, and Vilas V. Vernor, for plaintiff in error.

C. E. McLees, for defendants in error Harriet G. Craig and Amon H. Craig, Jr., H. T. Blair, Mrs. H. T. Blair, Minnie V. Blair, and J. F. Blair.

CULLISON, J. Plaintiff instituted suit seeking judgment on a note and the foreclosure of a real estate mortgage given to secure the payment of said note. The parties will be referred to as they appear in the trial court. Defendants answered by general denial and also pleaded certain special defenses, to wit, that defendants had paid to the Conservative Loan Company, as agent of plaintiff, the sum of $840 to apply on the principal indebtedness. Defendants denied that there was any attorney fee due plaintiff, and tendered $699.60 in payment of the amount due from defendants to plaintiff, to which answer plaintiff filed her reply.

The record discloses that Harriet G. Craig and husband were the owners of certain real property. On the 20th day of June, 1919, defendants mortgaged said property to the Conservative Loan Company of Shawnee, Okla., for $1,500. The Conservative Loan Company sold the note and mortgage to the Walter G. Causey Company, which said company sold the same in turn to the plaintiff in this cause. An assignment was made to the plaintiff, dated August 6, 1919, but said assignment was not placed of record until July 16, 1924. Under the terms of the note and mortgage, payments were to be made to the Conservative Loan Company. On May 14, 1920, defendants paid to the Conservative Loan Company, to be applied upon said mortgage, the sum of $840, thereby reducing the principal sum due from $1,500 to $660. The original interest coupon notes, as originally made, were in the amount of $90 each, and after the aforesaid payment on the principal, defendants paid to the Conservative Loan Company $39.60 in lieu of the $90, in accordance with the face value of each interest coupon, which amount was accepted by the Conservative Loan Company and the paid interest coupons returned to defendants.

The case was tried to the court without a jury and the court rendered the following judgment: That defendants had paid $840 to apply upon the principal indebtedness, and that said payment was received by the Conservative Loan Company as the agent of plaintiff herein; that there was due from defendants to plaintiff's the aggregate sum of $711.35, with interest at 10 per cent. from the 1st day of June, 1924, until the date of the filing of the answer of the defendant Craig, wherein the tender was made; that plaintiff was not entitled to an attorney fee unless plaintiff be compelled to resort to execution and sale of the property in order to collect the amount due, and the court ordered the foreclosure of said real estate mortgage.

From said judgment plaintiff appeals to this court and presents as error that the court erred in permitting defendants to introduce incompetent evidence; that the court erred in refusing to render judgment for plaintiff and against defendants for the full amount prayed for in plaintiff's petition; and that no tender having been made or proved prior to the filing of the suit, the court erred in refusing to grant an attorney's fee to plaintiff unless it was necessary for plaintiff to resort to the issuance of execution for the purpose of collecting the judgment.

The question of permitting the introduction of incompetent testimony is a question largely within the discretion of the trial court, especially where the case is tried before the court without a jury. Upon an examination of the record in the case at bar, we do not consider that there was such an abuse of discretion by the trial court in the introduction of evidence as to justify a reversal of said cause.

We will next consider the question of the amount of judgment rendered in said cause. The record discloses that defendants paid to the Conservative Loan Company $840, to apply upon the principal indebtedness, and the question presented in this appeal is whether or not agency existed between plaintiff and the Conservative Loan Company so that the payment to the Conservative Loan Company by defendants became a payment to plaintiff.

This is not the first time that an appeal has been before this court wherein the transactions of the Conservative Loan Company have been under consideration. In

the case of Lind v. Smith, 153 Okla. 282, 5 P. (2d) 739, this court had under consideration a case almost identical with the case at bar, and in the Lind Case this court announced the rule that:

" 'Where negotiable paper is made payable at the office of the original payee, an indorsee of such paper may by a course of dealings with the original payee, in relation thereto, induce a reasonable and justifiable belief in the mind of the payer that the original payee had the authority to receive, payment of the paper at the place designated, and, when payment is so made, such payment under the principle of estoppel by conduct will discharge the payer, though at the time the original payee had neither possession of the paper nor express authority to receive payment; the conduct of the indorsee being sufficient to confer ostensible authority on the original payee for that purpose.' * * * Catlin v. Reed, 141 Okla. 14, 283 P. 549, 67 A. L. R. 1910." z

The question of whether the Conservative Loan Company was the agent of plaintiff or defendants became a question of fact under the issues as pleaded. The court tried said cause and found that the Conservative Loan Company was the agent of plaintiff and that the payment to the Conservative Loan Company was payment to the plaintiff, following the case of Swearingen v. Moore, 138 Okla. 24, 280 P. 295:

"Agency to collect money for the owner of a note, when made an issue, is a question of fact to be determined in proper cases by the jury, from all the facts and circumstances in evidence."

Said decisions of this court are conclusive of the question under consideration and settle the same favorably to defendants.

The last question of error raised by plaintiff refers to the failure of the trial court to allow plaintiff an attorney's fee. This necessitates consideration of the instruments which were the basis of this suit. According to the terms of the mortgage, "In case of foreclosure hereof, and as often as any foreclosure hereof may be filed or note placed in the hands of an attorney for collection, the holder hereof may recover from the first parties an attorney's fee of $150, which is secured hereby, and which the first parties promise and agree to pay together with all costs."

The record discloses that plaintiff was compelled to institute suit to recover on the note and mortgage under consideration. Defendants answered and made a tender in said answer, but nowhere in the record or evidence of defendants was there any showing made that a tender of the amount tendered in said answer was ever tendered to plaintiff prior to the time said tender was made in defendants' answer.

We do not consider said tender as made by defendants sufficient to annul the terms and conditions of the written contract, whereby they bound themselves to pay an attorney's fee in case of foreclosure of the note and mortgage, or if the note was placed in the hands of an attorney for collection.

When the note and mortgage was placed in the hands of an attorney of plaintiff for collection, under the terms and conditions of said instruments, the attorney fee became due at said time and the tender after suit had been filed was not sufficient to annul that part of the contract.

That part of the judgment of the trial court denying plaintiff an attorney's fee in said cause is reversed, and said judgment is hereby modified so as to allow plaintiff an attorney's fee in accordance with the terms and conditions of the contract sued upon.

In all other respects said judgment is affirmed.

It is hereby ordered that said case be, and the same is, remanded to the trial court, with directions to enter judgment as herein directed.

CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., absent.

Note.—See under (1) 3 R. C. L. 1289; R. C. L. Perm. Supp. p. 1923; R. C. L. Pocket Part, title Bills and Notes, § 522. (2) 21 R. C. L. 820; R. C. L. Perm. Supp. p. 5107; R. C. L. Pocket Part, title Principal and Agent, § 6.