### ILLINOIS VALLEY TRUST CO. et al. v. SHERLEY.

No. 21217.   Opinion Filed Sept. 13, 1932.

Roy Frye, for plaintiff in error.

Williams & Martin, for defendant in error.

CULLISON, J.   Plaintiff, Sherley, filed suit against defendants seeking to cancel a mortgage on certain real property and to quiet his title in and to said land. Defendant Illinois Valley Trust Company filed an answer in the form of a denial, and also pleaded that on March 1, 1921, it sold and assigned the note and mortgage to Sarah B. Stevens, who is now the lawful owner thereof, and requested that Stevens be made a party defendant.

Defendant Stevens filed her separate answer and cross-petition, denying plaintiff's cause of action, and set out in her cross-petition that she was the owner and holder of the note and mortgage in controversy; that $200 was paid on said indebtedness on January 21, 1925, and that there now remains due and unpaid the sum of $856. Defendant asked for judgment for said amount and the foreclosure of the mortgage. The cause was tried to a jury and resulted in judgment in favor of plaintiff, from which judgment defendants appeal and present the following assignment of error in support of said appeal:

"The verdict and judgment of the court is contrary to law and evidence because there is no competent evidence tending to prove that the Graves Farm Loan Investment Company was the agent of the Illinois Valley Trust Company or Sarah B. Stevens in the collection of the principal due on the note and mortgage, or was said Graves Farm Loan Investment Company expressly or impliedly authorized to collect interest or principal on the note and mortgage involved in this action."

In our consideration of said assignment, it will be necessary to consider the evidence as disclosed by the record.

The Graves Farm Loan Investment Company carried on a general farm loan business and had carried on extensive dealings with the Illinois Valley Trust Company of Peoria, Ill., one of the defendants herein. The particular note and mortgage under consideration in this suit was given by one Faulkner and wife, who were the owners of certain real property located in Adair county, Okla. Shortly after executing the note and mortgage Faulkner sold the land to Sherley, plaintiff herein. Under the terms of the mortgage, payments could be made thereon under certain conditions. Plaintiff made a $200 payment on the $1,000 note on the 21st day of January, 1925, which payment is admitted by defendants.

Plaintiff introduced in evidence a check dated January 25, 1923, payable to the order of the Graves Farm Loan Investment Company in the amount of $300, which check was indorsed by the Graves Farm Loan Investment Company and paid by plaintiff's bank.

Plaintiff also offered in evidence a check dated January 31, 1929, in the amount of $400, payable to the Graves Farm Loan Investment Company, indorsed by the Graves Farm Loan Investment Company and paid by plaintiff's bank. Plaintiff also offered in evidence a check dated January 31, 1929, in the amount of $35, payable to the Graves Farm Loan Investment Company, indorsed by said company and paid by plaintiff's bank, which said payment was for interest due at the time of payment in lieu of the regular $70 interest payment.

The $300 payment and the $400 payment made by plaintiff were never credited upon the note and mortgage held by defendants; said payments having been made to the Graves Farm Loan Investment Company, and the record is silent as to what became of said payments after being received by said company. Plaintiff contends that after deducting the $700 paid as shown by the checks, the amount remaining due on said note, with interest, amounted to $107, which amount of $107 was tendered to defendants by plaintiff and upon their refusal to accept the same he tendered it in the suit at bar. Under the evidence there seems to be no question but that plaintiff made the $700 payment to the Graves Farm Loan Investment Company in the same manner in which

he had made all other payments on this loan.

The question is whether or not the Graves Farm Loan Investment Company was shown to be the agent of defendants. Plaintiff introduced numerous exhibits showing his dealings with the Graves Farm Loan Investment Company, and also introduced a number of other exhibits showing transactions of the Graves Farm Loan Investment Company, and more particularly with the Illinois Valley Trust Company, covering a number of years and a number of different items of business or loans. He also showed that in previous foreclosures for the Illinois Valley Trust Company, the Graves Farm Loan Investment Company had handled said matters.

There was a strong showing made in said trial relating to the business relations between said parties and as to the question of agency between defendants and the Graves Farm Loan Investment Company. Where the question of agency is in dispute and is made an issue in said trial, then it is a question of fact to be determined under proper instructions to the jury, from all the facts and circumstances shown by the evidence.

This court has considered said question before and recently passed on said matter, in the case of Swearingen v. Moore, 138 Okla. 24, 280 P. 295, wherein the court held:

"Agency to collect money for the owner of a note, when made an issue, is a question of fact to be determined, in proper cases by the jury, from all the facts and circumstances in evidence."

And said decision was quoted with approval by this court in the recent case of Schoeffel v. Craig, 157 Okla. 153, 11 P. (2d) 130.

Also, in the case of Catlin v. Reed, 141 Okla. 14, 283 P. 549, this court announced the ostensible authority doctrine, wherein it held:

"Where negotiable paper is made payable at the office of the original payee, an indorsee of such paper may by a course of dealings with the original payee, in relation thereto, induce a reasonable and justifiable belief in the mind of the payer that the original payee had the authority to receive payment of the paper at the place designated, and, when payment is so made, such payment under the principle of estoppel by conduct will discharge the payer, though at the time the original payee had neither possession of the paper nor express author-

ity to receive payment; the conduct of the indorsee being sufficient to confer ostensible authority on the original payee for that purpose."

Said decision was followed in the case of Lind v. Smith, 153 Okla. 282, 5 P. (2d) 739, and also the very recent case of Schoeffel v. Craig, supra.

Under the authorities cited, the question of agency became a matter for the jury under proper instructions, and from the evidence as disclosed by the record, we conclude the jury was warranted in finding for the plaintiff that agency did exist between the Graves Farm Loan Investment Company and defendants.

Defendants' second question of error is that the court erred in refusing to admit in evidence defendant's exhibit "A," being assignment of a mortgage, and exhibit "B," being reassignment of mortgage, and that such refusal was prejudicial error.

The only evidence defendants offered or attempted to offer in said cause was the two instruments in question. The first instrument offered by defendant Stevens purported to be an instrument assigning to her the note and mortgage in question, and was executed by the Illinois Valley Trust Company, by P. J. Ryan, president, and Charles F. Dilzer, secretary. The assignment was not acknowledged and did not have the seal of the corporation thereon. The second instrument offered in evidence was the re-assignment of mortgage, executed by the Illinois Valley Trust Company, signed by its president and attested by its secretary under the seal of the corporation and acknowledged before a notary public.

The record further shows that the attorney for defendant took the witness stand and identified the signatures to the assignment as being the names of the officials of said company, but the court refused to admit said assignment after such identification.

The court also refused to admit the re-assignment, although properly authenticated. The assignment was rejected by the court apparently on the theory that it was not a proper assignment, and the re-assignment appears to have been rejected on the ground that it was not pleaded by defendants and that it did not transfer or assign the note and mortgage under consideration.

The question of the legal effect of the instrument should not be passed upon at the time the instrument is offered for introduction in evidence, but the question at the time

the instrument is offered in evidence is whether or not the same has been properly identified so as to make it a part of the issues in the case being tried.

The contents of the instruments offered in evidence is a matter of construction, to be considered in determining the merits of the case or the weight to be given to the evidence contained therein, and the legal effects of said instruments were matters to be passed upon in determining the rights of the parties in the suit at bar upon final determination of the case.

Under this view the court erred in rejecting said instruments, and the question is whether or not said error was sufficient to justify a reversal of the case, or was such error harmless, under the circumstances in the case at bar.

The question of agency as between the Graves Farm Loan Investment Company, the Illinois Valley Trust Company, and Sarah B. Stevens was a question of fact to be determined by the jury under proper instructions. The court submitted said question to the jury and they found that agency existed. The evidence was sufficient to substantiate said finding under the decisions of this court. Since the Graves Farm Loan Investment Company was the agent of the Illinois Valley Trust Company and Sarah B. Stevens, payment to the Graves Company was payment to its principal, the other defendants in this case.

Plaintiff showed payment of $700, for which he had not received credit on the note and mortgage, which amount, plus the $200 admitted, makes $900 paid on the principal indebtedness of $1,000, leaving $100 of the principal debt due, which amount, plus interest, plaintiff tendered into court.

Defendants are entitled to recover no more than plaintiff tendered into court, so it would serve no good purpose to reverse the case and remand the same for a new trial. We hold that the error of the trial court in the case at bar was harmless.

The judgment of the trial court is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (2) 3 R. C. L. 1289; R. C. L. Perm. Supp. p. 1023; R .C. L. Pocket Part, title "Bills and Notes," § 522; (3) 21 R. C. L. 867; R. C. L. Perm. Supp. p. 5119.